————o————

GEORGE W. RILEY AND PHOEBE A. RILEY, representatives of WM. P. STEWART, Respondent, vs. ANDREW J. KERSHAW, Appellants.

1. *Payments—Satisfaction—Part for all—Receipt.*—Payment of part of a debt or liquidated damages is not a payment of the whole debt, even when the creditor agrees to receive a part for the whole and executes a receipt for the whole, except in fair and well-understood compromises carried faithfully into effect, or if the payment is in any way more beneficial to the creditor than that prescribed in the contract.

*Appeal from St. Louis Circuit Court.*

*Samuel N. Holliday,* for Appellants.

I. A contract under seal may be waived by a parol agreement or the mode of the discharge of the obligations altered—more especially, if the parol agreement shall be executed. (Monroe vs. Perkins, 9 Pick., 298; Lattimore vs. Harsen, 14 Johns 330; Dearborn vs. Cross, 7 Cowen, 48; Richardson vs. Cooper, 25 Maine, 450.)

II. A debtor may be discharged from his debt without a technical release even on payment of a less sum than is due, by a parol agreement executed, &c. (Silvers vs. Brittin, 2 Harrison (N. J.,) 275.)

III. A party accepting a sum properly tendered does thereby compromise his future claim to a large sum, if he takes the sum, offered "as all that was due." (Sutton vs. Hawkins, 8 Carrington & Payne, 259.)

*Rankin and Hayden*, for Respondent.

Payment of a smaller sum in discharge of a debt calling for a larger, is never good unless there is a new agreement with a new consideration to support it. (Harriman vs. Same, 12 Gray, 341; Hern vs. Kiehl, 38 Pa. State, 147; James vs. Bullett, 2 Littell, 51; Fenwick vs. Phillips, 3 Metc. (Ky.) 88; Hall vs. Smith, 15 Iowa, 584; 3 Parsons on Contracts 618, 686, (4th Ed.)

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted to recover certain rents and taxes alleged to be due. The answer set up, by way of confession and avoidance, a new agreement between the plaintiff and defendant, by which, in consideration of the defendants' paying the rent monthly instead of quarterly as agreed upon in the original contract, a smaller sum was stipulated to be paid, and which was actually paid in full satisfaction and discharge of all the rents and taxes. The reply denied any such new agreement, and averred that the payments which were made by the month were not made by or under any such agreement, or any agreement that relieved defendant from his obligation to pay the rent reserved in the contract.

Upon the trial the evidence was contradictory, but under instructions from the court, the jury rendered a verdict for the defendant. The case was then taken to the General Term, where the judgment at Special Term was reversed and the cause remanded.

In the progress of the cause the court at the instance of the defendant instructed the jury, that if they believed from the

evidence that plaintiffs agreed to receive and did receive from the defendant a less sum than the rent mentioned in the lease, in full satisfaction of the rent mentioned, and also in full satisfaction of the taxes due under the lease, and that the sums so paid by the defendant and received by the plaintiff, were paid and received in full satisfaction of the rents and taxes sued for, then they should find for the defendant.

The established rule to be found in all the earlier cases is, that the payment of a part of a debt or of liquidated damages is no satisfaction of the whole debt, even when the creditor agrees to receive part for the whole, and gives a receipt for the whole demand. But this rule must be so far qualified, as not to include the common case of the payment of a debt by a fair and well-understood compromise carried faithfully into effect, even if there were no release under seal. Some exceptions to the rule have always been acknowledged, as, if part be paid before all is due or in any way more beneficial to the creditor than that prescribed by the contract. (2 Pars. on Cont. 5th Ed., 618.) These exceptions to the rule are all based upon the fact that there is a new consideration for the release of the whole debt. Hence, if payment be made in a manner collateral to the original obligation, as, if it be paid before the day, or be made by a stranger out of his money, or by the note of a third person, though a smaller sum is paid than the amount of the debt, yet such sum so received in discharge of the whole demand is a valid discharge of the whole. But giving a receipt in full of all demands, is not conclusive evidence of actual payment of such demands, as such receipts are always open to explanation, and may be controlled by oral evidence.

The instruction asserts the doctrine that a simple agreement accompanied by a reception of the money is a sufficient payment and discharge of the debt, though a less sum was received than the whole demand. The essential element of consideration is entirely ignored and it is for that reason erroneous. The declaration asked by the plaintiffs, asserting a counter proposition should have been given.

It has also been argued that improper evidence was admit-

ted, but as the objection to its introduction does not specify any reason upon which it was founded, we will not notice it.

The judgment at General Term must be affirmed. All the Judges concur, except Judge Ewing who did not sit.