## WILLIS v. GAMMILL, *Appellant.*

1. **Husband and Wife**: WIDOW AS WITNESS. A widow is not a competent witness to prove an agreement made by her deceased husband.

2. **Part Payment**: CONSIDERATION. Payment of the principal of a note does not constitute a good consideration for a promise to release the interest.

*Appeal from Lawrence Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

*N. Gibbs* for appellant.

*H. Brumback* for respondent.

NORTON, J.—This suit was brought by plaintiff, as administrator of the estate of James Willis, deceased, on a note executed by the firm of Shook & Gammill and James Gammill, to plaintiff's intestate, for the payment of $500, on the 15th of May, 1860, with ten per cent. interest. It is claimed in the petition that there was due and unpaid on said note the sum of $440.60, with interest from April 1st, 1866. Defendants, in their answer, admit the execution of the note, and set up, by way of defense, that in 1866 James Gammill, one of the makers of the note, paid plaintiff the sum of $450 and C. N. Gammill, another of the makers, promised to pay plaintiff the additional sum of $50, which said sum of $450 and the agreement of said Gammill to pay the further sum of $50 were accepted by plaintiff in full satisfaction and discharge of said note, and that in consideration of such payment and agreement the

plaintiff delivered said note as fully discharged and satis-fied; that said C. N. Gammill soon thereafter paid the said sum of $50. The new matter set up in the answer was denied by replication. A trial was had, resulting in a judgment for plaintiff for $555.79, from which defendants have appealed to this court.

On the trial defendants offered to prove by the wife of James Gammill, deceased, what occurred between her 1. HUSBAND AND WIFE: widow as witness. husband and plaintiff, in 1866, when the pay-ment of $450 was made, and the arrangement relied upon in defendant's answer was entered into. This the court refused to allow to be done, and the action of the court in this respect is assigned for error. This action of the court, we think, is fully sustained by the authority of the cases of *Moore v. Moore*, 51 Mo. 118, and *Moore v. Wingate*, 53 Mo. 408. Besides this, the evidence offered, in the view we are disposed to take of the case, was immate-rial.

The matters set up in the answer constituted no de-fense either in law or equity. It was not pretended that 2. PART PAYMENT: consideration. the note in suit was not given for the pay-ment of a just debt, nor was it pretended that more than $500 were paid thereon. It was not disputed that the note bore ten per cent. interest from the 15th day of May, 1860, and there was, therefore, due on the note at the time of said payment about the sum of $800. (The payment of $500, the principal of the note, constituted no consideration for the promise, if such promise were made by the plaintiff as administratrix, to discharge defendants from the payment of interest.) Defendants knew that plaintiff held the note in a fiduciary capacity, and that her duty was to collect and not forgive the debt, and that her doing so would operate as a fraud on the rights of cred-itors, legatees and the securities in her bond. There is nothing set up in the answer, nor is there anything shown by the evidence, which would relieve defendants from lia-bility to pay the interest as well as the principal of the

note, nor is there anything contained in it which would have authorized plaintiff to have compromised the demand. In this view of the case it is unnecessary to review, the instructions which were given and refused. Judgment affirmed, in which the other judges concur.

AFFIRMED.