BAKER, *Administrator, Appellant,* v. HUNT.

1. **Revised Statutes, Section 666 :** DEBTOR AND CREDITOR : RELEASE OF DEBTOR. Any creditor of two or more debtors may, under Revised Statutes, section 666, compound with any and every

one or more of his debtors for such sum as he may see fit, and release him or them from all further liability for such indebtedness without impairing his right to collect the balance of such indebtedness from the other debtor or debtors not so released ; and said section applies to all debts whether evidenced by note or otherwise. But such release does not impair the right of any debtor not so released to have contribution from his co-debtors.

2. ——— : ——— : ———. The releases introduced in evidence in this case held to be a complete defence to the notes sued upon.

*Appeal from Cooper Circuit Court.*—Hon. E. L. Edwards, Judge.

Affirmed.

*Draffen & Williams* for appellant.

(1) The payment of a less amount than the sum really due is no discharge of the debt. Nor will such payment of a part of the real debt constitute a sufficient consideration for a promise to cancel or discharge the remainder. *Riley v. Kershaw*, 52 Mo. 224 ; *Price v. Cannon*, 3 Mo. 318 ; 2 Dan. on Neg. Inst. (2 Ed.) p. 284, sec. 1289 ; *Otto v. Klauber*, 23 Wis. 471. "An express agreement, even to accept a smaller sum for a greater, legally due, will not, without more, bar a recovery for the balance." *Myers v. Byington*, 34 Iowa, 205 ; *Willis v. Gammil*, 67 Mo. 730 ; *McAllister v. Dennin*, 27 Mo. 40 ; *Rea v. Owen*, 37 Iowa, 262 ; *Obendorf v. Union Bank*, 1 Amer. Rep. 31 ; *Ryan v. Ward*, 8 American Rep. 539 ; 68 Indiana, 436. In the case at bar, there was no consideration whatever for the pretended agreements to release the defendant from this indebtedness. As to negotiable paper see note to 6 Exchequer Rep. 852-3 -4 ; 2 Parsons on Bills and Notes, 235. (2) The provision contained in section 666, page 107, volume 1, Revised Statutes, 1879, which is the same as in General Statutes of 1865, has no bearing upon the question involved in this case. (3) These promises cannot

be regarded as gifts or equitable releases of the liability of defendant for the debt. First, because the answer in the case sets up no such claim. *Cadwallader v. West*, 48 Mo. 483. Second, because Bousefield retained the notes, and it will not be contended that he designed to give Hunt the debts evidenced by these notes. Third, they cannot be upheld as equitable releases. They are mere promises without consideration and cannot be upheld in equity any more than at law. *Irwin v. Johnson*, 16 Cen. L. J. 189; *Henderson's Adm'r v. Henderson*, 21 Mo. 379.

*Smith & Krauthoff* with *Cosgrove, Johnson & Pigott* for respondent.

(1) "An exception to the rule of common law that a right of action for breach of contract cannot be discharged by a release or agreement, not under seal, occurs with the contracts formed by bills of exchange and promissory notes, which are regulated by rules founded in the custom of merchants; the liability upon these instruments, both before and after they become due and payable, may be discharged by the holder by express dispensation or waiver, without deed and without consideration." Leake on Contracts, 925, 795; 2 Whart. on Contracts, sec. 1032. And this rule of the law merchant is recognized and approved by all the leading authors. Byles on Bills (11 Eng. Ed.) * 196 *et seq.;* 2 Chitty on Cont. (11 Am. Ed.) 1149; 1 Addison on Cont. (3 Am. Ed.) sec. 364; Smith's Merc. Law (3 Ed.) 351; Story on Bills (4 Ed.) sec. 266; Anson on Cont., top page 249; *Foster v. Dawber*, 20 L. J. Ex. 385; *Whatley v. Tricker*, Camp. 35; *Farquhar v. Southey*, 2 Car. & P. 497, 500; *De La Torre v. Barclay*, 1 Stark. 7; *Cook v. Lister*, 13 Com. B. (N. S.) 542, 593 and note 597; *Walker v. McCulloch*, 4 Me. 421; *Caldwell v. Gillis*, 2 Por. (Ala.) 526. (2) But this question is set at rest in

defendant's favor by section 666, Revised Statutes.
(3) The rule contended for has never been regarded with
favor by the courts, and it has been said that it "is
technical and not very well supported by reason, and
courts have departed from it upon slight distinctions."
*Kellogg v. Richards*, 9 Wend. 116 ; 2 Parsons on Notes
and Bills, 217 (2 Ed.) ; *Jones v. Perkins*, 29 Miss. 139,
142.    (4) But the plaintiff's action must fail upon the
additional ground that the receipts and memoranda
signed by Bousefield are in effect covenants by him not
to sue the defendant on these notes.    Bousefield ex-
pressly stated that he no longer held Hunt as security,
"or in any other way accountable" on said notes, and
this is in effect a covenant never to sue him thereon, for an
attempt to collect by suit is certainly an endeavor to hold
"accountable."    Such agreements have always been held
covenants not to sue and be a bar to an action.    *Phelps
v. Johnson*, 8 Johns. 53 ; *Jones v. Bank*, 29 Conn. 25 ;
*Reed v. Shaw*, 1 Blackf. 245 ; *Upham v. Smith*, 7 Mass.
265 ; *Clopper v. Union Bank*, 7 Har. & Johns. 92.
(5) But the plaintiff's case must fail upon another
ground.    Hunt was only a surety upon these notes.
Bousefield did all in his power to release him from
liability on them, and for over three years this release
stood unquestioned and no attempt was made to hold
him bound, nor notice given of an intention to so hold
him.    In these circumstances, neither Bousefield nor his
representative can now be permitted to collect this note
from him.

SHERWOOD, J.—Action on two promissory notes.
Defence to the action based on two similar papers signed
by the intestate in the following form :

"PISGAH, Mo., December 8, 1877.
"In consideration of the one dollar to me in hand
paid by William B. Hunt, the receipt of which is hereby
acknowledged, I the undersigned hereby agree to re-

lease William B. Hunt from any further liability incurred by him on account of said William B. Hunt having signed a promissory note conjointly with Jonathan Hunt, David A. Jones and Daniel Hunt for the sum of seven hundred dollars. Said note was dated October 30, 1867, payable one day after date to my order. Said note has four credits placed on its back since given.

"R. D. BOUSEFIELD."

Section 666, Revised Statutes, 1879, is as follows: "It shall be lawful for every creditor of two or more debtors, joint or several, to compound with any and every one or more of his debtors for such sum as he may see fit, and to release him or them from all further liability to him for such indebtedness, without impairing his right to demand and collect the balance of such indebtedness from the other debtor or debtors thereof, and not so released.; provided, that no such release shall impair the right of any debtor of such indebtedness not so released to have contribution from his co-debtors as is by law now secured to him."

With such statutory provisions before us it is needless to look to common law precedents and authorities when inquiring what force and effect shall be given to the papers above relied on as a defence herein. The statute is plain and unambiguous in its language, and is, therefore, its own interpreter. Its terms apply to "every creditor of two or more debtors" and it makes it "lawful" for such creditor to compound with any and every one or more of his debtors for such sum as he may see fit, and to release him or them from all further liability for such indebtedness. It is too clear for argument that the requirements of this section have been fully met by the papers executed by the plaintiff's intestate. This section applies to *all* debts howsoever they may be evidenced, whether by note or otherwise.

The section in question has been on our statute

book for over thirty years, yet so far as I am able to discover, has never been passed upon. The case of *McAllister v. Dennin et al.*, 27 Mo. 40, was decided without any reference to the statute, but was correctly decided even had the statute been invoked; for there judgment had been obtained in favor of McAllister & O'Flaherty, partners, against Lowrie, Dennin and Rees. Subsequently McAllister for himself and his deceased co-partner for the consideration of five hundred dollars released Lowrie alone from all further liability on the judgment. Afterwards and on the foregoing facts Dennin and Rees moved the court to enter satisfaction of the judgment. The statute does not apply to a case of that sort. When compliance is had with its terms the effect is to discharge the particular debtor who is released and to debar the creditor from suing him; but the release goes no further than this; rights of contribution and the particular debtor and his co-debtors are still expressly preserved.

The case of *Willis v. Gammill*, 67 Mo. 730, is not any more in point for three reasons: 1. The statute was not invoked nor commented on. 2. There were three makers on the note and the agreement made was not for the release of the two makers who paid a certain sum, but for the absolute discharge of the debt, the note evidencing the debt being surrendered to them. 3. The agreement was made with the administratrix of the deceased payee and she was held incompetent in the circumstances to "forgive the debt." Nor do the decisions of this and other courts apply when the question is simply whether the payment by a single debtor of a part of his debt will release the residue. The statute only becomes operative when the conditions which it prescribes exist and meet with compliance. Therefore, judgment affirmed. All concur.