KLAUSMANN BREWERY COMPANY, Respondent, v.
THEODORE SCHOENLAU, Appellant.

32  357
85  258

**St. Louis Court of Appeals, November 13, 1888.**

1. **Practice, Trial:** INSTRUCTION FOR VERDICT. In a suit on account, if the only defense be payment and there is no substantial evidence in support of that defense, it is proper to instruct for a verdict in favor of the plaintiff.

2. **Promise:** CONSIDERATION. A promise by a creditor that he will give double credit for every payment thereafter made by his debtor is void, unless supported by a new consideration. And the fact that the debtor afterwards made all his purchases of the creditor, without being under obligation to do so, is not evidence of such consideration.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*E. T. Farish*, for the appellant.

It is evident from the testimony, and from the facts and circumstances under which the agreement of July, 1885, was made, that it was made in view and for the purpose of securing the continuance of the custom of defendant. It is most apparent that because of such agreement plaintiff secured the custom of defendant for a period of nearly two years, and that but for the breach of such agreement by plaintiff, defendant would have still continued to deal with plaintiff. The action of the court was predicated upon the idea that there was no consideration for the contract as originally made, and that the payment of five hundred dollars, though made and tendered by the defendant in full discharge of his liability for the one thousand dollars; and though such money was received and accepted by the agent of plaintiff, with the distinct announcement of the fact that it was paid in full of said one thousand dollars, that the plaintiff could accept and retain said sum and apply it *pro tanto* on account of what was due, and sue for and recover the balance. On this proposition the defendant contended and still contends that the court was in error. It is undoubted law that the mutual advantage of the contracting parties is a valuable consideration, sufficient to support the contract. And consequently that if A. in consideration that B. would give him his whole trade and continue to deal with him for a reasonable time, that he, A., would release B. from the payment of a debt, is, if performed, a valuable consideration sufficient to support such promise. ''Hence it is a settled principle, that the adequacy of the consideration is for the parties to consider at the time of making the agreement, not for the court when it is sought to be enforced.'' *Harrison v. Town*, 17 Mo. 237: *Bainbridge v. Firmstone*, 8 A. & E. 743; *Sykes v. Chadwick*, 18 Wall. 141; *Gravely v. Barnard*, L. R. 18 Eq 518; *Lee v. Dodd*, 20 Mo. App. 284; *Adams v. Helms*, 55 Mo. 468.

*Rassieur & Schnurmacher*, for the respondent.

There was an entire failure of proof in support of the plea of payment. But, supposing the plea to have been accord and satisfaction—there was no evidence upon which to have based a verdict for defendant. Payment in money of a part of an undisputed debt is not a good satisfaction, even if accepted as payment in full. *Riley v. Kershan*, 52 Mo. 224 ; *Helling v. United Order of Honor*, 29 Mo. App. 309 ; *Mullin v. Martin*, 23 Mo. App. 539. And will be regarded only as a discharge *pro tanto*, even though a receipt in full be given. *Riley v. Kershan*, 52 Mo. 225 ; *Ryan v. Ward*, 48 N. Y. 204 ; *Bunge v. Koop*, 48 N. Y. 225 ; *Miller v. Coates*, 66 N. Y. 609 ; *Harriman v. Harriman*, 12 Gray [Mass.] 341.

ROMBAUER, P. J., delivered the opinion of the court.

We are called upon to review the propriety of the action of the trial court in instructing the jury to find a verdict for plaintiff.

The suit is on an open account showing a balance of five hundred and eight dollars in favor of plaintiff. The correctness of the items constituting the account is admitted, and the sole defense is payment.

The defendant's evidence tends to show that he was a saloon-keeper, who for thirteen years and more had purchased his beer from the plaintiff. In August, 1885, there was a balance of $1,786.50, due the plaintiff from defendant, on account of these purchases ; the defendant then paid to plaintiff one hundred dollars on account and the plaintiff gave him a voluntary credit of $686.50, leaving a balance of one thousand dollars due. The plaintiff at the date of said settlement promised the defendant, that thereafter, whenever he would pay any amount of the old account, he should receive double credit for such payments. The parties continued to deal with each other thereafter, and the defendant made

payments from time to time on account, which were credited to him on his pass-book. In October, 1886, a new pass-book was given to the defendant beginning with the item, "To balance as per agreement on settlement, $1,159.85," which item includes this balance of one thousand dollars. The pass-book was continuously in the defendant's possession from that date until June 28, 1887, and numerous payments were made by him, which were entered partly by himself and partly by the plaintiff in the book as made, and not for double the amount. At the last-named date the defendant called upon plaintiff and handed its secretary a bundle of money containing five hundred dollars, stating that he had money enough to square his account. At that time the account in the pass-book, if footed up, would have shown a balance of $1,042.20, against the defendant. The defendant then left the office but returned a few minutes thereafter, when the pass-book was handed to him showing a credit of five hundred dollars, and he refused to receive it, stating that he was entitled to a credit of one thousand dollars as per agreement.

This is all the testimony which bears on the question under consideration.

The defendant claims that he was entitled to go to the jury on the question of payment on two grounds : (1) Because there was substantial evidence to show that the plaintiff had agreed to give him double credit on the old account, upon a sufficient new consideration, to-wit, that he would continue to buy his beer from the plaintiff for a reasonable time ; (2) that he had made a specific tender to the plaintiff of the five hundred dollars with an asserted claim that he was entitled to double credit therefor, and the plaintiff by retaining the money accepted the conditions of the tender.

That the payment in *money* of a part of an *undisputed* claim, which is due, is not a good satisfaction of the entire claim, even if accepted in full satisfaction, unless there is a new agreement with a new consideration to support it, is elementary. *Riley v. Kershan*, 52 Mo. 224, 226. This at once disposes of the defendant's

second point touching a conditional tender. The tender in *Adams v. Helm*, 55 Mo. 470, was not a tender of money but of notes and a deed of trust, and as the rule above stated applies to money only, has no application. There is even no evidence of a tender of a certain sum of money and its acceptance in full satisfaction, because all that the defendant claims is that in handing the uncounted package to plaintiff's secretary, he told him to square his book, that he had money enough there now to get straight, without mentioning any amount.

There is no evidence whatever of a new agreement with a new consideration to support it. The defendant claims that such evidence is to be found in the undisputed fact that defendant continued to buy his beer of plaintiff after the settlement in August, 1885, for a period of almost two years. The vice of this argument is that there is no evidence, either direct or inferential, that the defendant bound himself to buy his beer from the plaintiff for any time whatever. Not the fact of his doing so, but his obligation to do so, is the one to furnish a new consideration.

We fully concur with defendant's counsel in his argument that the adequacy of the consideration, in the absence of fraud, is immaterial, but being unable to find substantial evidence in the record of any consideration whatever, must conclude that the instruction to find for plaintiff was correct, since the correctness of the account was admitted, and there was no substantial evidence to support the defense of payment.

Judgment affirmed. All concur.