HANSON, Respondent, v. CRAWFORD, Appellant.

St. Louis Court of Appeals, March 31, 1908.

1. CONTRACTS: Consideration: Agreement to Accept Less Than Amount Due. An agreement on the part of a creditor to accept from his debtor a sum less than the amount due in full discharge of the debt is void for want of consideration and can not be enforced although a part of the amount agreed upon is paid.

2. ———: ———: ———: Composition. This rule is different from that allowing a debtor to effect a composition with his several creditors for in that case the agreement of other creditors to forego parts of their debts is a consideration for a creditor receiving part of his in discharge of the whole.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*G. A. Watson* for appellant.

It is the settled law of this State that an attorney at law, has no authority as such, to compromise any claim of his client for less than the full amount. It is equally well settled that an attorney, if empowered to do so, may make a settlement binding his client. Bay v. Trusdell, 92 Mo. App. 383. The court in holding that there was no consideration for this compromise agreement, evidently considered this an executory contract when, in fact, it was a thing done. The suit was settled; the money paid, and nothing left to be done except for Crawford to faithfully perform the balance of the compromise agreement, which the court found was done. This compromise should have been sustained. Woolman v. Loewen, 108 Mo. App. 581.

*Delaney & Delaney* for respondent.

An agreement to receive in payment a sum less than the amount presently due is without consideration, and such agreement, or even the actual receipt and acceptance of the sum agreed upon in compromise, is no bar to a suit for the original debt or balance due on the original debt. Harnson v. Iron Works, 96 Mo. App. 348; Koerper v. Investment Co., 102 Mo. App. 543; Orr v. Sanford, 74 Mo. App. 187; Brewery Co. v. Schoedlan, 32 Mo. App. 357; Haseltine v. Ausherman, 87 Mo. 410; Swaggard v. Hancock, 25 Mo. App. 596; Price v. Cannon, 3 Mo. 453; Willard v. Sumner, 7 Mo. App. 577; Willis v. Gammell, 67 Mo. 730.

Hanson v. Crawford.

NORTONI, J.—This is a suit on a promissory note. Plaintiff recovered and defendant appealed. Plaintiff owned and held the note against defendant for many years. It amounted at the time this suit was instituted to about $1,300. He finally placed it in the hands of an attorney, authorizing him to compromise the same at $200, payable in installments of $50 each. The attorney instituted suit on the note and then entered into an agreement with the defendant whereby the defendant agreed to pay, and the plaintiff, through his attorney agreed to accept $200 in installments of $50 each in full for the indebtedness. Defendant paid the first installment of $50 thereon to the plaintiff's attorney, which he (the attorney) retained for the account of his client, the plaintiff. Plaintiff personally repudiated the agreement and refused to accept any payment thereon. The defendant tendered to plaintiff several fifty dollar installments thereafter as they became due under the agreement, but defendant says he refused to accept them. It was admitted that the defendant owed the note except for the agreement mentioned; that it was many years past due, and no consideration for the agreement other than above stated appears in the evidence. In fact, the only defense interposed against plaintiff's right to recover was the agreement above stated, whereby the plaintiff's duly authorized attorney agreed to accept $200 in full of the entire indebtedness and actually accepted $50 payment thereon. The court found the facts as above stated and declared as a matter of law thereon that there is no consideration to support the promise of the plaintiff to accept less than the amount of the debt, and therefore gave judgment against defendant for the amount due on the note. Vol. 6 Am. and Eng. Ency. Law (2 Ed.), 377, says: "It is a familiar rule of law that an agreement between a debtor and a creditor whereby the latter agrees to discharge the former on payment of

a less sum than the debt due, is void for lack of consideration, and that the payment of the less sum operates only as a discharge *pro tanto."* The rule of law thus stated is highly technical and may work hardship in some cases. However that may be, it has since the early history of the State, been the rule of decision in Missouri, as will appear by consulting the following authorities: Price v. Cannon, 3 Mo. 318; Riley v. Kirshaw, 52 Mo. 224; Klausman Brew. Co. v. Schoenlau, 32 Mo. App. 357; Willis v. Gammill, 67 Mo. 730; Orr v. Sanford, 74 Mo. App. 137; Koerper v. Royal Inv. Co., 102 Mo. App. 543, 77 S. W. 307; Harrison Bros. v. Murray Iron Works, 96 Mo. App. 348, 70 S. W. 261. Under the rule thus given the defendant was, of course, entitled to a credit *pro tanto* for the amount he had paid on the note under the agreement mentioned, and it was entirely proper for the court to give judgment against him for the amount remaining due thereon. In thus declaring the law we must not be misunderstood, for we fully recognize the rule which obtains with respect to agreements made between the debtor and his several creditors, for the composition of his debts at less than the amount owing. Such compositions are excepted from the rule above stated with respect to a want of consideration for the agreement; in fact the mutual covenants between creditors whereby each agrees to relinquish a part of his demand in order that, by similar relinquishments of other creditors, each may be made more nearly certain of the payment of the part which he does not release, constitutes, it is said, a sufficient consideration to sustain the contract in those cases. Such is the established law. [6 Am. and Eng. Ency. Law (2 Ed.), 377; O'Shea, Admr., v. Collier White Lead Co., 42 Mo. 397; Mullin v. Martin, 23 Mo. App. 537.]

In this case there is no question of composition however. The facts present a simple proposition where

a debtor is attempting to enforce against his creditors an agreement to accept an amount less than then due and owing on the debt, for which agreement the debtor has surrendered nothing and the creditor received nothing not already due. In such circumstances the agreement falls strictly within the rule respecting a *nudum pactum*. The judgment will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.