GUSCHE DEBUHR, Respondent, v. THOMPSON & MAXWELL, Appellants.

**Kansas City Court of Appeals, December 7, 1908.**

1. **ACCOUNT: Payment: Check: Parties.** Suit was on an account. *Held,* the mere fact that the defendant had issued his check in payment which had been cashed by a bank other than the drawee, did not constitute a defense nor show that the cashing bank was a necessary party.

2. **————: Compromise: Consideration: Statute.** A partnership drew its check for a debt owing by them. It was not paid and the creditor took one-half of the debt from one of the partners and gave a receipt in full of all accounts. *Held,* this was not a release at common law or under the statute, since there was no consideration and the contract was *nudum pactum.*

3. **TRIAL PRACTICE: Answer: Motion for Judgment.** Where the answer sets up a bar and there is a trial without the filing of a reply the defendant cannot claim that the judgment should have been for him by reason of the absence of the reply since he should have moved for judgment on the pleadings before the trial.

Appeal from Atchison Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*Hunt & Bailey* for appellant.

(1) No replication was filed by plaintiff in this case, and hence, the new matter set up in defendant's answer was by force of law admitted, and entitled the defendant to a judgment. Defendant raises this point in his motion for a new trial. Mullins v. Martins, 23 Mo. App. 543, R. S. 1899, sec. 607. (2) We wish to call special attention to section 897, Revised Statutes 1899.

Under the common law, in order to compound a debt, the courts hold that there must be a consideration either expressed or implied to do this. What was this section passed for if it was not to do away with the common law doctrine on this question in this State? (3) The courts have decided that this statute applies to partnerships. Grant v. Holmes, 75 Mo. 110; Ridgley v. Robertson, 67 Mo. App. 51; R. S. 1899, sec. 897; Baker v. Hunt, 88 Mo. 408; Northrup v. Chambers, 90 Mo. App. 67; Lower v. Bank, 78 Mo. 69; Hill v. Alexander, 77 Mo. 303. (3) When a party by his act or words induces another to believe in the existence of a certain state of things, and to act upon the belief, so as to alter his previous condition, he will be estopped from averring to the contrary against the party so altering his contract. Chouteau v. Goddins, 39 Mo. 250; Savings Inst. v. Kehlar, 7 Mo. App. 163; Pitman v. Mining Co., 78 Mo. App. 439; Ming v. Olster, 195 Mo. App. 472; Bank v. Frame, 112 Mo. 502.

*Lewis J. Miles,* for respondent, filed no briefs.

BROADDUS, P. J.—This is an action for debt. The facts are as follows: On and prior to the 8th day of September, 1906, the defendants, Thompson and Maxwell, were doing business as partners at Phelps City in Atchison county, on which day the plaintiff sold to them as such partnership a large quantity of corn for the sum of $601.04, for which amount they gave her a check on the Citizens National Bank of Atchison county. The plaintiff delayed collecting the sum called for in the check for several months, but she finally presented it to the Farmers Bank which took the check, stamped it paid, and presented it to the Citizens National Bank, which declined to pay it from want of funds. In a short time thereafter, plaintiff went to the business place of defendant Maxwell and then according to the testimony of defendant Maxwell, she agreed that if he would pay half the debt she would give him a full receipt and that Thompson had agreed to pay the other half. The plaintiff denies that

she made such an agreement. However that fact may have been, defendant Maxwell paid her $300.52, for which plaintiff gave him the following receipt:

February 3, 1907.
"Received of J. T. Maxwell, Three hundred and 52-100 dollars in full of all accounts."

Thompson having failed to pay any part of the debt, plaintiff made demand of defendant Maxwell for the balance due her, which he refused to pay. She then brought this suit against the defendants Thompson and Maxwell as partners for said balance.

The cashier of the Citizens National Bank testified that if the check had been presented to his bank at any time from its date, the 8th of September, until the 1st of October, it would have been paid. He further testified that there was an agreement between the two banks in the event a check was presented to one of them payable at the other, after the clearing hour, for the bank at which it was presented to receive it and stamp it paid.

One of the points made by defendant Maxwell is that when the Farmers Bank took the check and stamped it paid it became the owner and was entitled to the proceeds and "was the only necessary party and the only one to bring this suit." But the suit is not on the check and the Farmers Bank is claiming no interest in it whatever. We suppose, in the absence of evidence, the check having proven worthless, its amount was charged to plaintiff which left the obligation between plaintiff and defendant standing as if no check had ever been given.

It is contended by defendant Maxwell that the agreement between plaintiff and himself, whereby he paid her one-half of the indebtedness if she would release him from all further liability, was binding on the plaintiff as a compromise; but, as there was nothing to compromise, we cannot see how it could have that effect. There was no dispute as to the indebtedness or any part of it;

consequently, there was nothing to compromise. He also calls our attention to Section 897, Revised Statutes 1899, and suggests that the agreement would be effective under its provisions. This section provides that it shall be lawful for a creditor to compound with any and every one or more of his debtors and release them from all further liability for their indebtedness, etc. But, as the word "compound" as used means the same thing as compromise, in order to make such compounding binding, there would have to be some consideration. No contract can be enforced that is not founded upon some consideration; otherwise, it would be *nudum pactum*.

The defendant contends that he was entitled to judgment on his answer, as no reply was filed traversing its allegations. If so, he should have moved for judgment, but, instead of doing so, he tried his case as if the matters and things therein contained were at issue. He cannot now complain on that score.

Many other questions are discussed in defendant's brief, but, as they have no bearing on the merits of the case, we decline to discuss them. The court rendered the only judgment that was possible under the facts in the case.

Affirmed. All concur.