MONETT STATE BANK v. C. J. RATHERS, Appellant.—297 S. W. 45.

Division Two, July 18, 1927.

1. **PROMISSORY NOTE: Compounding with Joint Maker.** The legal holder of a promissory note cannot recover judgment thereon against one of the several makers from whom he accepted a note for a less amount upon condition that upon the giving of the smaller note its said maker was to be released from paying the larger one.

2. ————: **Compounding with Maker: Rights of Other Makers: Statute: Definition of Compound.** The statute (Sec. 2163, R. S. 1919) provides that "it shall be lawful for every creditor of two or more debtors, joint or several, to compound with any and every one or more of his debtors for such sum as he may see fit, and to release him or them from all further liability to him for such indebtedness, without impairing his right to demand and collect the balance of such indebtedness from the other debtor or debtors thereof, and not so released: Provided, that no such release shall impair the right of any debtor of such indebtedness, not so released, to have contribution from his co-debtors, as is by law now secured to him." **Held,** that a release of one of two makers of a note for $500 who gave his individual note for $250 as a consideration for such release was binding upon the creditor. **Held,** also, that to construe the word "compound" as meaning merely to "compromise" is too narrow, but it means to discharge upon terms different from those stipulated in the original note, and the statute means that the creditor, without requiring additional consideration and "for such sum as he may see fit," may release, for such an amount as he may obtain, a debtor on a joint obligation, without forfeiting his right to proceed against the remaining debtors, and the proviso preserves the right of the remaining debtors to compel contribution from the released debtor. [Disapproving DeBuhr v. Thompson & Maxwell, 134 Mo. App. 21.]

Corpus Juris-Cyc. References: **Release,** 34 Cyc., p. 1051, n. 49.

Transferred from Springfield Court of Appeals.

REVERSED AND REMANDED.

*T. D. Steele* for appellant.

The honorable trial court seems to have ignored Sec. 2163, R. S. 1919. This statute has been construed and upheld by the Supreme Court. Baker v. Hunt, 88 Mo. 405. See also Chapman v. Adams, 204 Mo. App. 659; Love v. Vanevery, 91 Mo. 575; Dry Goods Co. v. Goss, 65 Mo. App. 55.

*J. E. Sater* for respondent.

(1)   Under the law the defendant was bound to pay all that the note sued on called for, and such being the case any agreement to accept less than the full amount in release and satisfaction of said note was without consideration and void. Stephens v. Curtner, 205 Mo. App. 255; Hanson v. Crawford, 130 Mo. App. 232; Chamberlain v. Smith, 110 Mo. App. 660.   (2)   This doctrine is fully recognized by the Supreme Court. Scott v. Realty Co., 241 Mo. 134.   (3)   The case of DeBuhr v. Thompson & Maxwell, 134 Mo. App. 21, is clearly decisive of this case. The court there said that "the statute (Sec. 2163, R. S. 1919) requires a consideration. No contract can be enforced that is not founded upon some consideration; otherwise, it would *nudum pactum.*" This is not a case of composition with creditors. Mullin v. Martin, 23 Mo. App. 537.

BLAIR, J.—This case was certified to this court by the Springfield Court of Appeals because of alleged conflict with the opinion of the Kansas City Court of Appeals in the case of DeBuhr v. Thompson & Maxwell, 134 Mo. App. 21, 114 S. W. 557. The opinion of the Springfield Court of Appeals appears in 259 S. W. 489.

The action was on a promissory note. Trial was before the court without a jury. Judgment went for plaintiff. Defendant appealed. The Springfield Court of Appeals reversed the judgment and remanded the case for new trial.

Appellant and one Ring (deceased) were makers of the note in suit. It was for $500 and was payable to respondent bank. This note was given in renewal of a note of like amount by the same makers and payable to one Hagler. Hagler sold and transferred said note to respondent for value before maturity.

Neither appellant nor Ring would pay the note in suit. On January 27, 1921, appellant executed and delivered his separate promissory note for $250, payable fifty dollars per month. Thereafter appellant paid to respondent five fifty-dollar payments. There was substantial testimony tending to prove that the $250 note was executed and delivered by appellant under an agreement between himself and respondent that, if appellant would pay the $250 note, he would be released from further liability on the $500 note signed by himself and Ring. Ring was said to have agreed to pay the other half. After the five fifty-dollar payments were made by appellant, credit was endorsed upon the $500 note in the sum of $250. Thereafter this suit was brought against appellant to recover the balance of $250 remaining due and unpaid on the $500 note.

The trial judge, sitting as a jury, did not weigh the evidence and determine the truth of the testimony tending to prove appel-

lant's defense, but held, as a matter of law, that the payment by appellant of $250, under the circumstances detailed and under the agreement testified to by appellant and others, constituted no defense. The theory of the court is exemplified by given Instruction 1 and refused Instruction B. Given Instruction 1 was as follows:

"The court declares the law to be that, under the testimony in this case, the note given by the defendant for $250 did not release the defendant from his liability on the note sued on in this cause."

Requested Instruction B, which was refused by the court, was as follows:

"The court declares the law to be, that under the law of the State of Missouri it shall be lawful for the plaintiff to compound with any one or more of its joint or several debtors for such sum as they may see fit and to release him from all further liability to it from such indebtedness, and if the court shall believe that the plaintiff in this case agreed with the defendant, C. J. Rathers, to release him from all further liability on said note sued on and that in pursuance of said agreement he executed the two-hundred-and-fifty-dollar note given in evidence and he has paid the same in full then your verdict and finding should be in favor of the defendant."

Section 2163, Revised Statutes 1919, reads as follows:

"It shall be lawful for every creditor of two or more debtors, joint or several, to compound with any and every one or more of his debtors for such sum as he may see fit, and to release him or them from all further liability to him for such indebtedness, without impairing his right to demand and collect the balance of such indebtedness from the other debtor or debtors thereof, and not so released: *Provided*, that no such release shall impair the right of any debtor of such indebtedness, not so released, to have contribution from his co-debtors, as is by law now secured to him."

In Baker v. Hunt, 88 Mo. 405, this court, in an opinion by SHERWOOD, J., applied said statute (then Sec. 666, R. S. 1879) in a case where the holder of a promissory note released one of the four joint makers of said note for the stated consideration of one dollar. The release was held to be binding. The Springfield Court of Appeals, in writing the opinion in this case, held that Baker v. Hunt was controlling, and that Section 2163, Revised Statutes 1919, applied, and that the trial court erred in declaring as a matter of law that the facts, which the evidence of appellant tended to prove, constituted no defense.

In the case of DeBuhr v. Thompson & Maxwell, supra, decided by the Kansas City Court of Appeals, Baker v. Hunt was apparently overlooked, for that case is neither cited nor considered in the opinion. The DeBuhr case was decided upon Section 879, Revised Statutes 1899 (Sec. 2163, R. S. 1919). BROADDUS, P. J., held that

the word "compound" as used means the same thing as "compromise" and held that there would have to be the same consideration to make such compounding binding. No authority was cited in support of the conclusion reached.

The definition of "compound" as equivalent to "compromise" is too narrow. The word "compound" is defined in Webster's New International Dictionary (Merriam Series) as, "To settle amicably; to adjust by agreement; to compromise; to discharge (an obligation) upon terms different from those which were stipulated, claimed or demanded, as where a lump sum is paid instead of recurring fees, or a less sum is accepted than is asked." The last definition given seems more accurately to define the word "compound" as used in said Section 2163.

We think said section requires no other or further consideration than the amount actually received by the creditor as and for the amount he is willing to accept to discharge the debtor from further liability to him in the greater sum for which such debtor is legally liable. To hold that some additional consideration is required would be to make meaningless the words "for such sum as he may see fit." The manifest purpose of this statute was to enable a creditor to accept upon a joint obligation such amount as he can get from a debtor, from whom he could not enforce payment of the entire debt, without forfeiting his right to proceed against the remaining co-obligees for the balance. The proviso preserving to the unreleased debtors the right to compel contribution from the released debtor doubtless was added to make certain that the statute should not be construed to enable a creditor of two or more solvent and responsible debtors to "compound" with one debtor for a sum less than his *pro rata* share of the debt and then to make the other debtor pay the remainder of the debt, without having recourse upon his co-obligee for contribution.

The DeBuhr case is squarely in point and conflicts with the opinion of the Springfield Court of Appeals in the case at bar and with our view of the law applicable to the facts of this case. The DeBuhr case must therefore be disapproved and should no longer be followed.

In the cases of Stephens v. Curtner, 205 Mo. App. 255, 222 S. W. 497, and Hanson v. Crawford, 130 Mo. App. 232, 109 S. W. 98, cited by respondent, and considered in the opinion of the Court of Appeals, and in the additional cases of Chamberlain v. Smith, 110 Mo. App. 1. c. 660, 85 S. W. 645, and Scott v. Realty Co., 241 Mo. 1. c. 134, 145 S. W. 48, cited in respondent's brief, Section 2163, Revised Statutes 1919 (or the corresponding section in prior revisions), was not mentioned or considered.

In those cases also there was only a single debtor and no joint debtors, as contemplated in Section 2163, Revised Statutes 1919. Those

cases were decided on the general rules applicable where a creditor agrees to release a single debtor upon the payment of a sum less than he is liable for. The statute, corresponding to our present Section 2163, has no application under such circumstances and those cases constitute no authority in the case at bar. °Judge SHERWOOD, in Baker v. Hunt, supra, said:

"Nor do the decisions of this and other courts apply when the question is simply whether the payment by a single debtor of a part of his debt will release the residue. The statute only becomes operative when the conditions which it prescribes exist and meet with compliance."

With this statement we are in accord.

We fully agree with the Springfield Court of Appeals in its disposition of the case at bar. The judgment of the trial court is accordingly reversed and the cause remanded. All concur.