Perry A. ENNIS and Frances Ennis, Plaintiffs–Respondents,

v.

John J. McLAGGAN, Jr. and Paula L. McLaggan, Defendants,

and

John W. Allan, Defendant–Appellant.

No. 11559.

Missouri Court of Appeals, Southern District, Division One.

Nov. 5, 1980.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 21, 1980.

Glenn A. Burkart, Mann, Walter, Burkart, Weathers & Walter, Springfield, for plaintiffs–respondents.

Warren S. Stafford, Taylor, Stafford, Gannaway & Woody, Lloyd Joseph Carmichael, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendant–appellant.

PREWITT, Judge.

Appellant contends that the trial court erred in reviving a judgment against him for two reasons: (1) that there was a valid agreement between appellant and respondents that respondents would not revive the judgment as to him, and (2) that the action to revive the judgment was *not commenced*

within ten years of the rendition of the judgment against him.

As appellant's second point requires a partial discussion of the history of this action, we consider it first. On August 12, 1964, respondents brought an action on a promissory note against John J. McLaggan, Jr., Paula L. McLaggan, and appellant, requesting a judgment of $102,889.98 with interest and costs. Appellant was served with the petition and summons on October 10, 1964. No pleadings were filed by appellant or in his behalf until proceedings to revive the judgment were commenced. Defendants McLaggan filed motions; including a motion to dismiss. On December 8, 1966, an interlocutory judgment of default was entered in favor of respondents and against all defendants and on September 15, 1967, a default judgment was entered for $48,446.99. On September 18, 1967, defendants McLaggan filed a motion to vacate and set aside the judgment "against them". On September 22, 1967, the trial court set aside the interlocutory judgment of December 8, 1966, and the "final judgment" of September 15, 1967, because "deft's motion to dismiss has never been ruled on by the court". Thereafter, that motion was overruled, and the McLaggans filed an answer. Following a trial on January 2, 1969, in which appellant apparently did not participate, a judgment was rendered in favor of plaintiffs and against defendants for $44,354.16 and interest and costs. On January 28, 1969, "on its own motion", the trial court set aside the judgment of January 2, 1969, and ordered the case reopened for further evidence. Additional evidence was presented on April 24, 1969, and on May 22, 1969, judgment was rendered in favor of plaintiffs and against defendants for $44,354.16, and interest and costs. A petition for a writ of scire facias to revive the judgment against the McLaggans was filed by respondents on March 26, 1979. On May 21, 1979, a petition requesting a writ of scire facias to revive the judgment against appellant was filed and the writ was issued. Appellant was served with the writ on May 22, 1979.

Appellant contends that a judgment was rendered against him on September 15, 1967, and that the court could not set that judgment aside and later enter a judgment without notice to him. He contends that as no revival was instituted within ten years as provided in Rule 74.36, V.A.M.R., the trial court had no jurisdiction to revive the judgment. Appellant did not plead to the original summons and petition and was in default. As such he was not entitled to any notice. Rule 43.01(a), V.A.M.R., provides that after the original petition, "no service need be made on parties in default" except for pleadings asserting new or additional claims for relief against them. The record does not disclose any new or additional claims for relief and the judgment was entered on the original petition served on appellant. "A judgment is the final determination of the rights of the parties in the action." Rule 74.01, V.A.M.R. A final judgment contemplates that the adjudications as to all parties shall be incorporated into a single order. *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 780 (Mo. App.1980); *First National Bank and Trust Company of Joplin v. Pittock*, 572 S.W.2d 182, 184 (Mo.App.1978). There was no final determination as to all parties as contemplated by Rule 74.01 until May 22, 1969. Therefore, the proceedings to revive the judgment were within ten years of the judgment and were timely. Point two is denied.

We now consider appellant's first point. It is not disputed that the respondents and appellant made an agreement following the judgment. There is a dispute as to the documents that made up that agreement and whether there was sufficient consideration to make any agreement valid and enforceable. All agree that the following written document was a part of the agreement:

"AGREEMENT

The undersigned, PERRY A. ENNIS and FRANCES ENNIS, do on this 17th day of October, 1978, in consideration of the payment to them by JOHN W. AL-

LAN, of the total of Twenty Five Hundred & 00/100 ($2500.00) Dollars, the receipt of which is hereby acknowledged, agree: That they will not cause an execution, levy or garnishment to issue against JOHN W. ALLAN on a judgment obtained on April 24, 1969, in Case Number 47034, in the Circuit Court of Greene County, Missouri.

IN WITNESS WHEREOF, the parties hereto have set their hands the date first above written.

/s/ Perry A. Ennis
PERRY A. ENNIS
/s/ Frances Ennis
FRANCES ENNIS" ·

The above document was sent with a letter, by respondents' then attorney to one of appellant's attorneys. The letter stated:

"In addition to what is contained in the agreement, this is to advise that we will not include Mr. Allan when and if we file our petition for writ of scire facias on reviving a judgment against Mr. & Mrs. McLaggan.

You will please send me Mr. Allan's check in the amount of Twenty Five Hundred & 00/100 ($2500.00) Dollars."

Appellant's attorney responded by letter dated October 19, 1978, which stated:

"Please find enclosed John W. Allan's check in the sum of $2,500.00. I am transmitting this amount to you in consideration for Perry A. Ennis and Frances Ennis agreeing not to cause execution to issue against Mr. Allan on a judgment, Case No. 47034 and their agreement not to revive this judgment as to Mr. Allan."

The check, drawn on a bank account in appellant's name, was received and cashed by respondents. The trial court determined that the parties' agreement was unenforceable for lack of consideration but if there was consideration that respondents did not violate the agreement. Appellant contends that the ruling as to consideration was erroneous because the respondents had the burden to plead and prove lack of consideration, which they did not do, and because the agreement was supported by consideration

We do not agree that the burden of pleading and showing lack of consideration was on respondents. As appellant is relying on the contract for his defense, it is his burden to plead and prove consideration unless the contract is one which imports consideration as a matter of law by virtue of statute. *Swift v. Central Union Fire Ins. Co.,* 279 Mo. 606, 216 S.W. 935, 936 (1919); 17A C.J.S. Contracts, §§ 536, and 583. Appellant contends that § 431.020, RSMo 1978, imports consideration to the agreement, and thus lack of consideration must be pled and proven by respondents. That is the rule when the statute applies [*Gover v. Empire Bank,* 574 S.W.2d 464, 468 (Mo.App.1978)], but we do not think that the statute applies here. It provides that an agreement signed by one who promises to pay "any sum of money or property . . . shall import a consideration, and be due and payable as therein specified." It contemplates an agreement to pay in the future, which is not the situation here. In addition, those signing the agreement here did not agree to pay money or property.

Failure of consideration is expressly included in Rule 55.08, V.A.M.R. as an affirmative defense which must be set forth by the party alleging it. However, lack of consideration is not listed in the rule and is different. Failure of consideration implies that a consideration, once existing and sufficient, had become worthless or has ceased to exist; it thus is distinguished from lack of consideration. *Shelton v. M & A Electric Power Cooperative,* 451 S.W.2d 375, 379 (Mo.App.1970). We do not think that Rule 55.08 includes lack of consideration as "any other matter constituting an avoidance or affirmative defense". Consideration is a necessary element for a valid agreement and the burden of showing it is on the one claiming the benefit of the agreement. Lack of consideration to support the agreement would be a failure of that party's burden and not a defense that would avoid the agreement after its validity was established.

In the type of agreement before us the rule that one relying on a contract must

plead and prove consideration has not been changed, either by statute or rule, and thus the burden of showing consideration was on appellant. Respondents are not then barred from claiming lack of consideration because respondents did not plead or offer proof on it.

We next determine if there was consideration for the agreement. *Winter v. Kansas City Cable Ry. Co.*, 160 Mo. 159, 61 S.W. 606 (1900), considered whether a judgment could be satisfied for less than its amount. The court held that a purported satisfaction and release was invalid for lack of consideration; stating that payment of a part of an undisputed debt will not discharge the whole, even if expressly accepted for that purpose (61 S.W. at 612); and that payment of a lesser sum will not discharge a debtor for a greater sum unless the creditor, besides a part payment, receives something of benefit that he would not otherwise have had (61 S.W. at 614). Here there was no indication that respondents received anything other than the monetary payment. Whatever the rule in other jurisdictions, and despite criticism of such a rule, this "old common law rule" is well established in Missouri. *Robinson v. Benefit Ass'n of Railway Employees*, 183 S.W.2d 407, 411 (Mo.App.1944). It has been followed in numerous cases. *City of St. Louis v. Senter Commission Co.*, 343 Mo. 1075, 124 S.W.2d 1180, 1184 (1938); *Penney v. White*, 594 S.W.2d 632, 636 (Mo.App.1980); *Kennedy v. Kennedy*, 575 S.W.2d 833, 835 (Mo.App. 1978); *Sappington v. Central Mut. Ins. Ass'n*, 229 Mo.App. 222, 77 S.W.2d 140, 144 (1934); *Kelley v. Kelley*, 290 S.W. 624, 627 (Mo.App.1927). See also *Scott v. Missouri Ins. Co.*, 361 Mo. 51, 233 S.W.2d 660, 663 (banc 1950); *Alaska Federal Savings & Loan Association v. Hoffman*, 485 S.W.2d 118, 123 (Mo.App.1972); *Aiple v. South Side National Bank in St. Louis*, 442 S.W.2d 145, 151 (Mo.App.1969).

■ However, we need not decide if the rule stated in the preceding paragraph would apply to the type of agreement here as by statute this rule of consideration is not applicable where there are two or more debtors. Section 431.150, RSMo 1978, provides in part that:

"It shall be lawful for every creditor of two or more debtors, joint or several, to compound with any and every one or more of his debtors for such sum as he may see fit, and to release him or them from all further liability to him for such indebtedness".

This section requires no consideration other than the amount the creditor is willing to accept for him to discharge the debtor from liability for a greater sum. *Monett State Bank v. Rathers*, 317 Mo. 890, 297 S.W. 45, 46 (1927). Cases holding that there is no consideration where a creditor agrees to release a single debtor upon the payment of a sum less than he is liable for constitute no authority when the statute is applicable. Id. 297 S.W. at 46. The meaning of "compound" as used in that section was there discussed:

"The definition of 'compound' as equivalent to 'compromise' is too narrow. The word 'compound' is defined in Webster's New International Dictionary (Merriam Series) as:

'To settle amicably; to adjust by agreement; to compromise; to discharge (an obligation) upon terms different from those which were stipulated, claimed, or demanded, as where a lump sum is paid instead of recurring fees, or a less sum is accepted than is asked.'

The last definition given [Webster's] seems more accurately to define the word 'compound' as used in said section 2163 [now § 431.150]."

■ Section 431.150 contains no provision indicating that it only applies before judgment and we believe it can be utilized by a judgment debtor. It has been applied after judgment. See *Long v. Thormond*, 83 Mo.App. 227, 232 (1900). Also see *Barnett v. Conklin*, 268 F. 177, 184 (8th Cir. 1920).

■ While the document or documents which make up the claimed agreement here do not purport to be a release, they could have that effect as to appellant. However, we do not believe that § 431.150 requires a

release before there is a valid agreement. The statute allows one to compound "and to release". While both may be done, we think an agreement may be made under this section without an express release. There could be an adjustment or compromise of some rights, perhaps less than or different from a release, and which might include an agreement not to execute or revive a judgment.

We believe that because of § 431.-150, the payment of $2,500 to respondents was good consideration for such agreement as was made. We next consider the possible effect of the agreement upon these proceedings. That effect depends on what documents make up the agreement and how they are construed.

There was no evidence as to what the agreement consisted of other than the introduction into evidence of the "AGREEMENT" and the two letters. Respondents contended to the trial judge that their agreement consisted of the document entitled "AGREEMENT", dated October 17, 1978, and their then attorney's letter stating that appellant will not be included "when and if we file our petition for writ of scire facias on reviving a judgment against Mr. and Mrs. McLaggan." Respondents' attorney stated to the trial judge that respondents' former attorney who sent the letter "had the authority to act, the apparent authority to act, at least on behalf of Mr. and Mrs. Ennis, there's no question about that." Respondents contend that the letter from appellants' attorney forwarding the check and describing it as in consideration for respondents' "agreement not to revive this judgment as to Mr. Allan" was not a part of the agreement, and that as they did not include Mr. Allan when they sought to revive the judgment against Mr. McLaggan, they did not violate the agreement made. The trial judge did not make an express finding as to what documents constituted the agreement of the parties but found that if there was consideration for the agreement, "it does not give Allan a defense, because plaintiffs would still have the right to revive the judgment". The

trial judge apparently found that appellant's attorney's letter was not a part of the agreement, and, by giving respondents' attorney's letter a literal interpretation, determined that the agreement was not violated because appellant was not included "when" the petition for a writ of scire facias was filed to revive the judgment against the McLaggans. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01.1(b), V.A.M.R.

If the parties had agreed that appellant would pay $2,500 to respondents for the agreement contained in the "AGREEMENT" of October 17, 1978, and respondents' attorney's letter, then the letter of appellant's attorney could not modify that agreement unless agreed to by respondents. There was no testimony or other documents showing that the absolute agreement not to revive sought in the latter letter was ever agreed to by respondents or their attorney nor that respondents' attorney's letter meant anything other than what it actually said. While "when" can mean "if" [See *State ex rel. Kansas City v. School Dist. of Kansas City*, 333 Mo. 288, 62 S.W.2d 813, 817 (banc 1933)], as it was used in the letter with "if" it must have been intended to mean "at the time". See *State ex rel. Elsas v. Missouri Workmen's Compensation Commission*, 318 Mo. 1004, 2 S.W.2d 796, 802 (banc 1928). While only limiting respondents' right to revive against appellant by prohibiting them from including appellant with the McLaggans seems of little benefit to appellant; he could have agreed to it because he felt the agreement not to execute included with it was protection enough. Whatever the reason for so agreeing, we must determine a document by what it says, not by what it might have said, and we should not by implication enlarge or extend the agreement. *Rollins v. Schwyhart*, 587 S.W.2d 364, 366 (Mo.App. 1979).

In this court tried case we are to affirm the judgment of the trial court "unless there is no substantial evidence to

support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). On the basis of that standard we cannot say that the trial court erred in determining that the agreement between appellant and respondents did not prohibit revival of the judgment in the manner attempted here.

The judgment is affirmed.

TITUS, P. J., and GREENE, J., concur.

FLANIGAN, C. J., recused.