Mary Anne **PERNOUD**, Respondent,

v.

Michael F. **PERNOUD**, Appellant.

No. 44760.

Missouri Court of Appeals,
Eastern District.

July 27, 1982.

Rehearing Denied Sept. 17, 1982.

Kyler L. Humphrey, Clayton, for appellant.

Carroll J. Donohue, St. Louis, for respondent.

CLEMENS, Senior Judge.

The narrow issue here is what the parties meant by the word "dollars"—American dollars or Canadian dollars? In their property settlement they agreed to sell their Canadian real estate; the wife was to receive $30,000 from the sale proceeds if it brought that much, and if less the husband was to pay her the difference.

Through a Canadian agent the real estate was sold for $26,318 in Canadian money. This was $3,682 Canadian dollars short of the "agreed selling price" and husband offered that amount to the wife as full settlement. She declined on the ground she was entitled to $30,000 in American money. So calculated, the wife contended husband still owed her $7,865.

By garnishment the wife sought to recover that amount. The trial court denied the husband's motion to quash and he appeals.

Defendant husband contends we must reverse because under *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976) the trial court erroneously applied the law. He argues that since the sale involved Canadian property, Canadian dollars were contemplated, citing *Ennis v. McLaggan*, 608 S.W.2d 557 [14, 15] (Mo.App.1980). His quoted language from that case is "we must determine a document by what it says". The parties' agreement merely said "dollars" not "Canadian dollars". *Ennis* does not resolve the issue here.

Instead, plaintiff relies on *Grantham v. Rockhurst University*, 563 S.W.2d 147 [2–11] (Mo.App.1978), holding: "In construing a contract the words used therein will be given their ordinary and common sense meaning and will not be construed to include meanings to which they would not be applied by most people."

By the parties' settlement they agreed to sale of other real estate, to maintenance and to attorney fees, all in terms of dollars. The essence of their agreement was that defendant was to pay plaintiff $30,000 when the Canadian property was sold. Nothing in their agreement referred to Canadian dollars.

In the challenged agreement one American was talking with another American about "dollars". We hold that "dollars" meant American—not Canadian—dollars.

The trial court did not err in refusing defendant's motion to quash the garnishment.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.