Albert C. LOWES, Appellant,

v.

Robert L. PENROD, Respondent.

No. 54787.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 4, 1989.

Michael H. Maguire, Cape Girardeau, for appellant.

Joe A. Johnson, Arnold, for respondent.

DOWD, Presiding Judge.

This is an appeal from the order in a court tried case in which appellant sought payment of attorney's fees. We reverse and remand.

Respondent Robert Penrod, along with his wife Terre, came to appellant Albert Lowes for legal assistance in 1982. Mr. and Mrs. Penrod believed that Mrs. Penrod had a cause of action against her former husband in Illinois because a substantial marital asset had been concealed at the time of her divorce. Since Mrs. Penrod had few assets, Mr. Penrod indicated that he would pay the legal costs and paid the first three bills submitted for a total of $6,789.16. No written contract was ever created.

Sometime during the pendency of the case in Illinois, Mr. Penrod became annoyed at the amounts of money being requested of him by appellant for services rendered and made no more payments to appellant. The Illinois case was decided in the Penrods' favor at trial but reversed on appeal. By this time Mr. and Mrs. Penrod were estranged and Mrs. Penrod sought other legal counsel to pursue an attorney malpractice claim against her Illinois divorce attorney for failing to discover the concealed marital assets. When this case was settled for somewhere between $30,000 to $50,000, appellant brought an attachment action against Mrs. Penrod to collect the remainder of his fee from this settlement. The total amount owed to appellant was $22,869.13. In an effort to settle, appellant agreed to accept $12,000 and eventually settled his claim against Mrs. Penrod

for $8,000 while reserving the right to collect the additional $4,000, plus interest, from respondent. Appellant brought this action to recover the balance due.

After trial the court below found that a) $18,000 was a reasonable fee for the services rendered (this amount was reached by adding the $6,000 already paid by respondent with the $8,000 paid by Mrs. Penrod with the $4,000 sought from Mr. Penrod) and b) that Mrs. Penrod should pay ⅔ of the total debt, or $12,000, and Mr. Penrod should pay ⅓, or $6,000. Since Mrs. Penrod had paid $8,000 as settlement of her portion and Mr. Penrod had already paid more than $6,000, judgment was entered for defendant.

■ Appellant now claims that the trial court erred in finding that the fees were to be divided between Mr. and Mrs. Penrod. Respondent has not filed a brief so we must examine appellant's contention based on appellant's brief and the record. The facts of this case indicate that attorney Lowes entered into an oral contract for legal services with Mr. and Mrs. Penrod. Contractual agreements between attorneys and their clients are construed under the same rules as apply to other contracts. *Knight v. DeMarea*, 670 S.W.2d 59, 63 (Mo. App.1984). Thus, this case is controlled by statutory and common law related to the rights and duties of creditors and debtors in contractual agreements with two or more debtors. Specifically relevant to this case are sections 431.110 and 431.150, RSMo 1986.

Section 431.110 states that joint contracts are to be construed as joint and several. Therefore, Mr. and Mrs. Penrod were both responsible for the entire debt and either one could be asked to pay any or all of the obligation. *Moore v. Seabaugh*, 684 S.W.2d 492, 495 (Mo.App.1984) (quoting *Don L. Tullis & Associates, Inc. v. Gover*, 577 S.W.2d 891, 900 (1979)). In addition, the creditor has the option of proceeding against any debtor he chooses and of releasing any debtor without "impairing his right to demand and collect the balance of such indebtedness from the other debtor or debtors thereof, and not so released."

**618**

§ 431.150 RSMo 1986; *Ennis v. McLaggan*, 608 S.W.2d 557, 562 (Mo.App.1980).

■ Review of the Stipulation for Dismissal filed after Mrs. Penrod and appellant agreed to settle indicates that appellant intended to exercise his right to collect the remainder owed from Mr. Penrod. The pertinent portion of that document states that: "Nothing in this stipulation shall preclude or prohibit the plaintiff from attempting to collect by a lawful means the balance of his alleged fee from Robert L. Penrod, an additional person whom it is claimed owed the legal fee which was unpaid and part of which is still unpaid." Collection of a portion of the debt from Mrs. Penrod did not bar collection from respondent.

■ There is no evidence that the parties to the oral contract for services intended that the payment owed was to be apportioned as the court below divided it. The parties' actions suggest that they recognized the debt to be joint. The intention of the parties governs the judicial construction of their contract. *KAM, Inc. v. White*, 675 S.W.2d 459, 462 (Mo.App.1984).

With no language extant to prove otherwise, it became the creditor's choice as to who would be liable for this debt. The action of the lower court contravened this lawful choice. The judgment is reversed and remanded to the trial court with instructions to enter a new order in accordance with this opinion.

SIMON and HAMILTON, JJ., concur.