Stanard, J.
Many objections have been urged against the decree. The greater part of them consi *659 dered in themselves, though well founded, would, while they require the reversal of the decree, make it proper to remand the case for further proceedings. If there be an objection reaching the title of the appellee to any relief against the appellant, it will be unnecessary to consider any other.
It does not appear that the deed of'August 1827 was made on previous consultation with, or received the subsequent ratification of, any of the creditors or trustees named therein, or that any claim was asserted under it from its date until the claim asserted by this suit in October 1832, by a party not named in the deed, and, for aught that appears, not known until then as one embraced by the description of client creditor. In November 1827, when the deed was made conveying the crop of tobacco, among other property, to Thornton and Anderson in trust for the benefit of the appellant, the deed of August was without the sanction of such previous assent or subsequent ratification ; and in that predicament it could be no shield of the property against the levy of executions of the creditors named therein, or other creditors, nor any effectual impediment to the bona fide conveyance by the grantor for valuable consideration.* In this view, the title under the deed of November 1827, which was such a conveyance, was paramount the claim asserted for the first time in 1832, under the hitherto dormant and inoperative conveyance of August 1827. But again, as *660 sume that the deed of August 1827 was assented to by the trustees Thornton and Anderson: they, having the legal title, have by the deed of November 1827 dedicated this crop of tobacco to the payment of Spencer’s claim, without any notice to Spencer at least, and probably without any knowledge on their part, of the existence of the claim of the appellee; and the appellee, even if Thornton and Anderson could be made chargeable with this misapplication, could have no equity to pursue the fund into the hands of Spencer, who in law and equity is entitled to retain what he has fairly obtained. And furthermore, as he held the claim of a client creditor to a larger amount than the fund, if the deed of August had been fully accepted and acted under by the trustees, and the said trustees, under the discretion given by the reservation in that deed, had (though the deed of November had not been made) applied the fund to Cather’s claim, in ignorance of the existence of that of the appellee, no effectual reclamation could have been made of the fund from the hands of Cather.
In every view of this case, my opinion is that the appellee has no title to relief against the appellant.
She is entitled, however, to relief against the defendant Wilson, who is confessedly indebted to her in the sum of 500 dollars, with interest from the 25th of August 1827; and the court of equity was the proper forum for the recovery of that claim.
The other judges concurred with judge Stanard, in entering a decree in the following terms:
That the decree of the circuit court be reversed, and that the appellee and James Muse her next friend do pay unto the appellant his costs expended in the prosecution of his appeal. And this court proceeding to render such decree as the circuit court ought to have rendered, it is further decreed and ordered that the bill of the appellee be dismissed as to the appellant, and that *661 the appellee and James Muse her next friend do pay unto the said appellant his costs by him about his defence in the said circuit court expended. And it is further decreed and ordered that the said Daniel A. Wilson do pay unto the appellee 500 dollars, with interest thereon from the 25th of August 1827 till paid, and also her costs by her expended in the prosecution of her suit in the said circuit court, including in those costs, the costs of the said circuit court above decreed to be paid by her to the appellant.

 Note by the reporter. Though the decisions in Walwyn v. Coutts, 3 Meriv. 707. 3 Sim. 14. 5 Cond. Eng. Ch. Rep. 7. and Garrard v. Lord Lauderdale, 3 Sim. 1. 5 Cond. Eng. Ch. Rep. 1, were not cited in the argument of this case, and are not mentioned in this opinion, yet they were probably in the mind of the judge. There is no difficulty, however, in sustaining tire decision in this case, whether the doctrine of those cases be sanctioned or not. On this subject, see Skipwith’s ex’or v. Cunningham &c. 8 Leigh 286-90. where those cases, and others involving the samo doctrine, are cited and commented on.