gave the residence of the claimant as being in the city of Troy, stating neither the street nor number of the street where the claimant resided. It appears that the plaintiff resided upon a lot which runs from Hill street to Fifth street in the city of Troy. There was a dwelling house upon the Hill street end of such lot, and another upon the Fifth street end; the latter building being built diagonally to the street, one corner of such building reaching to, or very nearly to, the street line on Fifth street. Entrance to this latter building, where the plaintiff resided, can be had from Fifth street or from Hill street, passing over nearly the length of such lot, until the building is reached. The building on the Hill street end of the lot appears to have been numbered; that on the Fifth street end of the lot appears not to have been numbered; and, it not being numbered, it is contended that the plaintiff was relieved from complying with that portion of the statute which I have quoted.

It may be assumed that no law requires the performance of an impossibility, and that, where no number exists, none can be stated. But the fact that it is impossible to comply with one requirement of a statute does not relieve one from complying with another portion that can be. Here, while we assume that it was a physical impossibility to state the street number, because there was no number, yet the street itself could have been stated. That which the legislature has declared by statute to be a prerequisite to the commencement of an action the court cannot say is unimportant and may be disregarded. It has been repeatedly held that one of the purposes of statutes of this kind is to apprise the municipality at an early date of the existence of a claim, in order that they may have an opportunity to investigate it. It is frequently just as important to investigate the claimant as it is the claim. Notice of who he is, and where he can be found, may be of just as much importance as notice of where, how, and when the injury occurred. The statute in this case should have been complied with, at least to the extent to which it was possible to meet its requirements. It has not been. The question of waiver of the sufficiency of the statement by the municipal officers, as well as some others that have been presented to us in this case, have been discussed in the case of Borst v. Town of Sharon, 48 N. Y. Supp. 996, and it is needless to repeat that discussion here.

The judgment and order appealed from should be affirmed, with costs. All concur.

(23 App. Div. 17.)

In re STEWART et al.

(Supreme Court, Appellate Division, Second Department. December 2, 1897.)

GUARDIAN AD LITEM—RIGHT TO APPEAL.

A special guardian for an infant, appointed by the surrogate in proceedings before him for the judicial settlement of the account of proceedings of testamentary trustees, does not become functus officio by the rendition of a decree therein, and has the right to take and prosecute an appeal therefrom; and his duties and office continue until the final determination of any appeal from the surrogate's decree.

Appeal from surrogate's court, Westchester county.

In the matter of the judicial settlement of John A. Stewart and others, trustees of John B. Trevor, deceased. Application for leave to appoint a guardian ad litem to prosecute an appeal. Denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Geo. W. Wickersham, for appellant.

E. D. Cowman, for respondent.

GOODRICH, P. J. An ex parte application is made to the court for the appointment of a special guardian, or guardian ad litem, to take, perfect, and prosecute an appeal from a final decree of the surrogate of Westchester county. The petition alleges that the surrogate appointed a special guardian of certain infants interested in this proceeding before him; that such guardian appeared therein, and made objections to items in the account; and that afterwards the surrogate entered a final decree. from which the special guardian, a counselor of this court, advises that an appeal be taken. The application is denied on the ground that the special guardian appointed by the surrogate is not functus officio by the rendition of the decree. Code Civ. Proc. § 2573, provides that, where an appeal shall be taken from such a decree, "each party to the special proceeding in the surrogate's court, and each person not a party, who has, or claims to have, in the subject-matter of the decree or order, a right or interest, which is directly affected thereby, * * * must be made a party to the appeal." It is evident that if, in the present proceeding, the successful party desires to set running the time for appeal, he is compelled to serve due notice of the entry of the decree upon the special guardian, as he is within the enumerated category of necessary parties to the appeal. Then the guardian was not functus officio at the instant of the entry of the decree, but he becomes party to an appeal. It is equally true that he has the right to take and prosecute an appeal, and that his duties and office continue until the final determination of any appeal from the surrogate's decree.

For these reasons the application is denied. All concur.

