## S. E. CHAMBERLAIN, Appellant, v. W. H. X. SMITH, Respondent.

**Kansas City Court of Appeals, February 27, 1905.**

1. **PAYMENT: Consideration: Part of Debt: Bona Fide Dispute.** The acceptance of a part of an admitted debt in discharge of the whole, will not bind the creditor for lack of consideration; but if there is an honest difference in regard to the amount due and the parties agree that the debtor may pay a less sum in full of the creditor's claim and the former does so, he is discharged.

2. ———: ———: ———: ———: **Instruction.** Modification of an instruction to correspond with the above rule is approved.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Charles H. Winston* for appellant.

(1) The petition being based upon an express contract for a fixed and definitely agreed price to be paid by defendant for services rendered by plaintiff, it was error for the court to refuse to give the jury the instruction numbered 1 as prayed by plaintiff. Winter v. Railroad, 73 Mo. App. 194, 160 Mo. 159; Griffith v. Creighton, 61 Mo. App. 4; Brown v. Baker, 99 Mo. App. 660; Deutmann v. Kilpatrick, 46 Mo. App. 29; K. B. Co. v. Schoennau, 32 Mo. App. 357; Swaggard v. Hancock, 25 Mo. App. 606; Goodson v. N. M. A. A. Co., 91 Mo. App. 339. (2) The amount paid by defendant on account rendered for preliminary sketches or studies of house and barn was not the full amount which defendant agreed by the contract of August 2, 1902, to pay for those preliminary sketches or studies. More-

over, the amount so paid by defendant was never pretended to be paid for the work on the general drawings and specifications done under the express contract of August 2, 1902. Therefore, the second instruction asked by plaintiff ought to have been given by the court to the jury, and it was error to refuse to give it. See authorities supra.

*I. N. Watson* for respondent.

(1)    We do not dispute propositions of law contained in the cases cited by appellant in his brief. The point of law is well stated in Winter v. Railroad, 160 Mo. 178; School Board v. Hull, 72 Mo. App. 409.

ELLISON, J.—Plaintiff is an architect and brought the present action against defendant on an account for professional services for drawing preliminary studies, plans, drawings, etc., for a dwelling house and a barn. The result in the trial court was in defendant's favor.

The evidence in behalf of plaintiff tended to prove that defendant engaged him to make "preliminary studies" for a house and a barn, and that he did so; that after defendant examined said preliminary work, he employed plaintiff to make general drawings, specifications and details for, and to superintend the construction of the buildings; that defendant agreed to pay therefor one per cent of the cost of the buildings for the preliminary work, and an additional one-half per cent for the general drawings, and an additional one per cent for the specifications, and an additional one per cent for detail drawings, and an additional one and one-half per cent for superintending the construction of such buildings. The cost of the building was estimated to be, for the house $30,000, and for the barn, $6,000. That plaintiff was to be paid as the separate services above stated were rendered. That plaintiff entered upon said employment and made the general drawings and the specifications; and that defendant

thereby became indebted to him in the sum of $870; that thereafter defendant paid plaintiff $115 on such work, but refused to pay the balance of $755.

The evidence in behalf of defendant was for all practical purposes, in substance, a total contradiction of the contract as claimed by plaintiff. It further tended to prove that plaintiff rendered him an account for his services for $360, changed to $115 as follows:

"Mr. W. H. X. Smith,
    "To S. E. Chamberlain, Dr.,
       "Architect.
"This bill is now due.
"1902,
"Aug. 4th (1st) Bill rend.
     for Archts. Services rendered (in pencil) $115.00
     for House & Barn, (erased with pencil)..$360.00
     Paid in full, S. E. Chamberlain.
"(N. B.—The figures "115.00" were written with indelible pencil, and the figures $360.00 were erased with like pencil, but had been written with ink like body of bill.)
"(The words 'Paid in full. S. E. Chamberlain' and also the "115.00" were written with indelible pencil and the figures "$360.00" were erased with same pencil.)"

That he thereupon went to see plaintiff and told him the amount ($360) was much more than he should be charged; that he would not pay it; that it was "outrageous." That he told him he had not ordered him to go ahead on the detail drawings and specifications, etc.; that in their dispute defendant offered him $100, which he refused; that he then offered him $110, which was likewise refused; that he then proposed that to avoid any trouble and to "settle and have the whole thing done," he would give him $115, which plaintiff accepted and receipted the bill in full and said they would have no trouble.

There is no doubt of the law relied upon by plaintiff, that when there is a definite and undisputed sum due another his naked agreement to accept a less sum in discharge of the whole will not be binding, for lack of consideration. See opinion of Judge GILL in Winter v. Railroad, 73 Mo. App. 173, adopted by the Supreme Court in 160 Mo. 159. But if there is an honest difference between the parties as to a liability, or as to the amount due, and the parties agree that the debtor may pay a less sum as in full of the creditor's claim, the debtor may do so and thereby discharge himself. [St. Joseph School Board v. Hull, 72 Mo. App. 403.] Where there is a dispute, in good faith, as to the amount due on a claim, the parties may make a binding agreement for a sum less than that claimed.

The trial court modified the principal instruction asked by plaintiff wherein his hypothesis of a right to recover on the case as made by the testimony in his behalf was set forth by adding thereto a proviso, that if there was an honest difference of opinion as to the amount due and that the payment of $115 was in compromise and full settlement of plaintiff's claim, the finding would be for the defendant. There is no doubt of the propriety of the action of the court in making the modification. The declarations of law made by the court were in all respects correct. The only question between the parties was one of fact. And since there was evidence tending to support the verdict we must affirm the judgment. What we have said, in effect, disposes of the point made in plaintiff's brief as to the action of the court on the instructions given and refused. We have examined the different points of objection made but can find nothing which would in any way authorize us to interfere with the judgment.

Affirmed. All concur.