# CHARLESTON.

## FISHER, ADMR., *v.* BELL.

Submitted June 8, 1908. Decided January 19, 1909.

1. INFANTS—*Actions—Guardian Ad Litem or Next Friend—Liability for Costs.*

    The next friend or guardian *ad litem* of an infant plaintiff is liable to the opposite party for costs of an unsuccessful suit. (p. 11.)

2. SAME.

    Such next friend or guardian *ad litem* does not become *functus officio* upon the rendition of a judgment or decree, but continues upon appeal unless removed by the court, or the relation terminates by the infant's arrival at majority. (p. 12.)

3. APPEAL AND ERROR—*Presentation and Reservation of Grounds of Review—Motion for New Trial—Necessity.*

    In a case heard by a circuit court in lieu of a jury, it is not essential to a writ of error that there be a motion to set aside the finding and grant a new trial. (p. 13.)

Error to Circuit Court, Mineral County.

Action by one Fisher, administrator, against M. R. Bell. Judgment for defendant, and plaintiff brings error.

*Reversed.*

HARRY G. FISHER, for plaintiff in error.

W. H. GRIFFITH and TAYLOR MORRISON, for defendant in error.

ROBINSON, JUDGE:

Is the next friend or guardian *ad litem* of an infant plaintiff

liable to the opposite party for costs of an unsuccessful suit? In brief, this is the question presented for our consideration. The defendant here was the guardian *ad litem* for an infant plaintiff, pursuant to section 24, chapter 50, of the Code, in an action instituted before a justice of the peace on behalf of the infant against the party who now is plaintiff here. That suit resulted in favor of the infant before the justice of the peace and in the circuit court upon appeal. Upon further appeal to this Court, by writ of error, the judgment was reversed, with costs to the appellant. These costs not being paid, that appellant instituted this action against said guardian *ad litem* for their recovery. The circuit court denied him judgment in that behalf. Is he entitled to recover upon such demand? We hold that he is.

Costs are of statutory regulation, it is true. They are not of common law origin. Under our law, upon final judgment, costs are recoverable by the successful party against the opposite party. Code, chapter 138, section 8. But as far as liability for costs is concerned, if no further, the next friend or guardian *ad litem* of an infant plaintiff is a party to the suit. He it is who brings the suit into being. Without him, it would not exist; without him, the defendant would not be put to costs. As to a successful defendant in such suit, we must say that he is the real opposite party. And it has been almost uniformly held that this office and capacity of next friend or guardian *ad litem* of an infant plaintiff carries with it liability for costs if the action is unsuccessful. No statute of ours conflicts with this rule. Section 24, chapter 50, of the Code, may be said to be declaratory of it, providing as it does, for the appointment, for an infant plaintiff in an action before a justice of the peace, of a guardian *ad litem* who shall consent to such appointment and become responsible for costs. In any court, there is such liability upon the next friend or guardian *ad litem* for costs adjudged a defendant at the suit of an infant by such representative. Any other rule would subject parties to the mercy of immature infants and irresponsible persons instituting suits on their behalf. It is an old rule, tersely stated in an old book: "An infant is not liable to costs, but only his *prochien ami*." Bingham on Infancy, 138. In Woerner's American Law of Guardianship, section 22, it is said: "In England and in most

of the American States the *prochien ami* is himself liable for the costs." We find in Tyler on Infancy, section 142: "The next friend or guardian of an infant is primarily responsible to the defendant, and to the plaintiff's attorney or solicitor, for the costs of the suit." The rule has been more recently stated in 22 Cyc. 710, as follows: "The next friend or guardian *ad litem* of an unsuccessful infant plaintiff is as a general rule liable for costs, especially where the suit was needlessly or recklessly brought or was not for the interest of the infant." And in 14 Enc. of Pl. & Pr. 1044, it appears: "The matter of costs is universally regulated by statute, but it is the general rule that in an action prosecuted by a next friend for an infant, the infant is not primarily liable for costs of an unsuccessful suit; these must be borne, in the first instance, by the next friend or guardian *ad litem,* and this very liability has frequently been said to be one of the reasons for the appointment of a next friend or guardian *ad litem.*" The cases cited in support of this principle, in the books we have quoted, are multitudinous. It was long ago recognized in Virginia. *Spencer* v. *Ford,* 1 Rob. 648; *Burwell* v. *Corbin,* 1 Rand. 131. The rule is founded in good reason. This reason appears in the opinion of Judge Roane, in *Burwell* v. *Corbin, supra,* wherein that eminent jurist says: "The next friend is not only liable for the costs, but is to be removed if he is treacherous to, or negligent of, the interests of the infant; and it is supposed that all these checks will generally prevent improper persons from obtruding themselves."

The cases of *Bailey* v. *McCormick,* 22 W. Va. 95, and *Wingfield* v. *Neall,* 60 W. Va. 106, cited in the order of the court below as justifying its judgment therein, are not in common with this case. They enunciate a wholly different principle—that of an appeal for some purposes being a new suit. But a guardian *ad litem* or next friend does not necessarily become *functus officio* by the rendition of a judgment or decree. Such representative of an infant litigant continues in the case upon appeal by either party, unless he is removed by the court, or such relation terminates by the infant's arrival at majority. And a next friend or guardian *ad litem* having begun an action on behalf of an infant which the defendant has been compelled to carry up and reverse on appeal cannot shirk the old and well recognized rule of his liability for the costs upon such reversal.

These views are sustained by precedent: *Yeizer* v. *Stone's heirs,* 7 T. B. Mon. 189; *In re Stewart,* 48 N. Y. Supp. 999; 22 Cyc. 706. But reason is better than precedent.

Another matter remains. This case was heard by the court in lieu of a jury. The defendant insists that, as there was no motion for a new trial below, plaintiff is not entitled to writ of error and reversal here. Such is not the law. In a case tried before a jury, a motion to set aside the verdict and grant a new trial is- an essential to writ of error. It is not so as to a case heard without the intervention of a jury. To require it in such case would be mere idle form and vain repetition. Such motion is not necessary when there is verdict upon demurrer to evidence. *Proudfoot* v. *Clevenger,* 33 W. Va. 267. And for like reason, it is not essential when the court has acted in lieu of a jury. *Citizens National Bank* v. *Walton,* 96 Va. 435.

The circuit court being in error, its judgment is reversed. And this Court now proceeding to render such judgment as should have been rendered below, upon the appeal from the judgment of the justice of the peace before whom this action was begun, it will be considered, pursuant to section 172, chapter 50, of the Code, that the plaintiff do recover from the defendant and his surety on the bond given for said appeal the sum of $125.38, with damages thereon at the rate of ten per cent. per annum from the 16th day of November, 1907, until payment, and the costs in the circuit court and this Court on behalf of the plaintiff expended.

*Reversed.*