A. C. VINSON, G. E. HARRISTON, J. H. HAWTHORN and B. J. HAWTHORN, doing business as HAWTHORN LUMBER COMPANY, Appellants, v. LEE JORDAN LUMBER COMPANY, Respondents.

Kansas City Court of Appeals, November 25, 1912.

1. ACCORD AND SATISFACTION: Disputed Claims. Where a debtor in good faith disputes the amount claimed by his creditor to be due and tenders the amount admitted to be due, if

.the tender is on condition that it is in full payment of the amount due, and the creditor accepts the tender, this would amount to accord and satisfaction.

2. ———: Consideration. The acceptance of a part of an admitted debt in discharge of the whole, will not bind the creditor for lack of consideration; but if there is an honest difference as to the amount due and the parties agree that the debtor may pay a less sum in full of the creditor's claim and the former does so, he is discharged.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

REVERSED AND REMANDED (*with directions*).

*Pope & Lohman* for appellants.

*Irwin & Peters* for respondent.

BROADDUS, P. J.—This is an action for a debt instituted in a justice's court where plaintiff filed an account setting out specifically different items as a charge of indebtedness against defendant.

The plaintiff is a company engaged in the lumber business at Tempson, Texas, and the defendant is a lumber company engaged in business at Jefferson City, Missouri. The undisputed facts are that on August 20, 1909, the plaintiff sold to defendant a large quantity of lumber at a fixed price of so much a thousand feet f. o. b. at Caywood, Louisiana, with the exception of a small portion f. o. b. at Jefferson City. At the place and time of delivery of the lumber defendant was to pay on each car eighty per cent of the price agreed upon and the remaining twenty per cent on each car as soon as unloaded. The lumber, which amounted to about 1,000,000 feet, was delivered as per the agreement and the eighty per cent of the price and all of the twenty per cent was paid, except two per cent. The defendant refused to pay the two per cent, which amounts to $189.93, which is the amount sued on.

Lumber Co. v. Lumber Co.

The defendant filed its answer in which it admits the purchase and delivery of lumber for which it agreed to pay a certain price; that the lumber was shipped by plaintiff to defendant from time to time in carload lots, and alleges that then and there defendant settled in full with plaintiff for each and every carload of lumber which was delivered, and deducted from the purchase price thereof two per cent discount and rendered to plaintiff a statement showing the deduction of said discount of two per cent on each and every car of said lumber; and that plaintiff, with full knowledge of said deduction, consented and agreed to such settlement as final between plaintiff and defendant on each and every car that was delivered by plaintiff to defendant; that said deduction of two per cent was made with full knowledge of plaintiff and in accordance with the understanding and agreement at the time of the making of the contract . .. . although said deduction was not specifically mentioned in the contract entered into between plaintiff and defendant, but that it was agreed and understood by the laws of trade as well established, long existing and universal custom of the trade, etc. The contract was in writing and explicitly provided for payment of eighty per cent of the purchase price upon delivery and the remaining twenty per cent when unloaded.

The defendant attempted to show that a dispute arose as to the amount of its indebtedness to plaintiff and that defendant, with full knowledge and consent of plaintiff, deducted two per cent discount from the indebtedness, which was accepted as a settlement in full; and that, afterwards, plaintiffs agent in a conversation with defendant's agent expressed himself as well satisfied with the settlement.

About all we can gather from defendant's testimony is, that in making payments for lumber delivered at different times, it retained two per cent discount under the supposition that such was the trade custom,

and that it sent a statement to plaintiff for each consignment of lumber received showing such deduction. But there was no evidence that plaintiff, not until after all the lumber was delivered and paid for, except the two per cent, demanded said two per cent discount, consequently, there was no dispute as to the amount of defendant's indebtedness during the time in which defendant made the different payments and rendered statements of the amount of lumber received and amount paid. According to defendant's evidence, plaintiff furnished no statement of account during the whole time.

There was nothing to dispute about, as the contract provided for no such discount. There was some evidence to the effect that there was a mistake in plaintiff's account of about thirty-seven dollars which was called to plaintiff's attention and adjusted at a time when defendant's agent was at plaintiff's place of business at Caywood, Louisiana, where plaintiff's agent said to the former: ''Lee, that is all right; I am more than pleased with the way you treated me on this lumber deal. I got better grades and better treatment than I ever did from any man I ever sold lumber to, and you remitted so promptly in settlement for this lumber than any lumber I have ever sold.'' This is relied upon as evidence that the parties had settled a dispute as to the account. We do not think so, as there was no reference whatever made as to the two per cent discount, and it could have made no difference if there had been, because the two per cent discount had not been a matter of dispute. And it cannot be treated as a waiver for there was no consideration of any other kind to support it.

The law in relation to accord and satisfaction is said to be that: Where a debtor in good faith disputes the amount claimed by his creditor to be due and tenders the amount admitted to be due, if the tender is on condition that it is in full payment of the amount

due and the creditor accepts the tender, this would amount to accord and satisfaction. [Bahrenburg v. Trust Co., 128 Mo. App. 526.] And it is said: "The acceptance of a part of an admitted debt in discharge of the whole, will not bind the creditor for lack of consideration; but if there is an honest difference in regard to the amount due and the parties agree that the debtor may pay a less sum in full of the creditor's claim and the former does so, he is discharged." [Chamberlain v. Smith, 110 Mo. App. 567.] The law as stated in these two opinions expresses fully the law in relation to accord and satisfaction.

The defendant's contention that there was an accord and satisfaction is not supported by these authorities. First, because there was no dispute as to the amount of the indebtedness, and, second, that the payment was not made and accepted in full satisfaction of the debt. The defendant did not even show that plaintiff accepted the payments made in full discharge of the debt, which was attempted, and if it had been so shown, it did not bind plaintiff for lack of consideration.

The court erred in refusing plaintiff's demurrer to defendant's evidence and should have instructed the jury to find for plaintiff. The cause is reversed and remanded with directions to enter a judgment for the amount claimed.