# J. W. STEPHENS, Appellant, v. WILCE CURTNER, Respondent.

### Springfield Court of Appeals, June 5, 1920.

1. **INFANTS: Next Friend May Receive Payment of Judgment.** Revised Statutes 1909, sections 1744, 1745, relating to the appointment of a next friend for minor plaintiffs, contemplates that payment of the judgment in such suit should be to the next friend.

2. ———: **Failure to Give Bond Does Not Affect Next Friend's Right to Receive Payment of Judgment.** Since the giving of a bond by the next friend of an infant is left to the discretion of the court or officer making the appointment, the fact that no bond is given because none is required will not affect the right of the next friend to receive payment of judgment debt.

3. ———: **A Compromise of Judgment Debt with Infant Paintiffs Held Invalid.** Where defendant in a suit by infant plaintiffs settled the judgment by paying to the infants only a small part of what was due, such settlement, disapproved by the infant's next friend, was invalid.

4. **COMPROMISE AND SETTLEMENT: Payment of Part of an Undisputed Debt Does Not Discharge the Whole Debt.** The payment of a part only of an undisputed debt cannot be held to discharge the whole, although such was the agreement of the parties.

5. **REPLEVIN: Property Taken Under Process Cannot be Replevied.** It is a valid defense in a replevin suit to show that the property in question has been seized under process, execution, or attachment against plaintiff's property.

6. ———: **Affidavit that ''Property Was Not Seized Under Valid Process'' Held Insufficient.** Under Revised Statutes 1909, sections 2637, 7759, requiring a replevin affidavit to allege that the property has not been seized under process, where property is to be taken in advance of the replevin judgment, the plaintiff, seeking to recover property levied on under execution in a suit by infants, could not evade such provision by alleging that the property was not seized under any ''valid process or execution.''

7. ———: **Officer Held Not Liable for Failure to Release Levy.** Where no payment is made to the officer levying an execution, and the claim is made, but disputed, that the payment has been made to the execution plaintiff, such officer should not be *held* liable in replevin on his refusal to release the levy.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Mayes & Gossom* for appellant.

*M. O. Morris, Sam J. Corbett* and *Ward & Reeves* for respondent.

STURGIS, P. J.—This is a suit in replevin for a quantity of whiskey. This property was owned by plaintiff and was seized and taken from his possession by the defendant, a constable, under and by virtue of executions issued by a justice of the peace. There were four several judgments, the validity of which are not questioned, rendered against this plaintiff in a justice of the peace court in favor of four minor negro boys, each being a plaintiff in one of such suits. In the proceedings in the justice court resulting in these judgments, the plaintiffs being minors, the justice appointed M. O. Morris as next friend of each such plaintiff under the provisions of Section 7435 R. S. 1909 and the suits were conducted in the names of such minors by M. O. Morris as next friend. Judgments in each of such suits were obtained in the justice court and in due time four several executions were issued and placed in the hands of the defendant constable for collection. Under such executions the constable levied on and seized the whiskey in question. Thereupon this plaintiff, the execution defendant, instituted this suit in replevin in the circuit court and on giving bond the replevin writ issued and under it plaintiff regained from the constable the whiskey on which the constable had levied the executions mentioned.

The plaintiff's claim is that, after the constable had the executions against him in his hands for collection, he effected a settlement with the several execution plaintiffs whereby each of such plaintiffs gave him a receipt in full for the amount due on the respective judgments

and executions; that this plaintiff then paid the costs in each case and demanded that the executions be returned satisfied. The next friend of such minor execution plaintiffs was not consulted in reference to the alleged settlements and refused to sanction such settlement made by his wards and instructed the constable to proceed to enforce the executions. The constable therefore refused to release the property levied on and this suit in replevin was instituted. The judgment in the trial court was for defendant and plaintiff appeals.

The position of plaintiff is that he had a right to settle the judgment debts directly with the minor plaintiffs on terms satisfactory to them without consulting the next friend of such minors who had been appointed such and conducted the suit for them; that having made settlement with such execution plaintiffs and obtained receipts against the judgment debts the executions became *functus officio* and the constable no longer had a right to hold his property thereunder; that under such facts replevin is a proper remedy against this constable to regain the property.

There are several reasons, we think, why plaintiff cannot recover in this action. The matter most discussed in the briefs and arguments is the right of a judgment defendant, in a suit wherein the plaintiff is a minor and sues by next friend, to settle the judgment by paying the amount thereof directly to the minor plaintiff instead of to his next friend. That however is not the concrete case here presented. Had this plaintiff paid the judgments in full to the minor execution plaintiffs a more difficult question would be presented. The provisions of our statutes with reference to appointment of a next friend for minor plaintiffs, providing for the giving of a bond by such friend conditioned to account to such infant for the money and property received in such suit, clearly contemplates that payment of the judgment should be to the next friend. [Section 1744, 1745, R. S. 1909; Aley v. Railroad, 211 Mo. 460, 476, 111 S. W. 102.] As the giving of a bond is left to the discretion of the court or officer making the appointment of a next friend,

the fact that none is given because none is required would not affect the right of the next friend to receive the payment of the judgment debt. In the present case, however, the judgment defendant in the suits by the minor plaintiffs did not pay the full amount of the judgment debts to such plaintiff. He undertook to settle same in full by paying only a small part of what was due. This he could not do. Even before final judgment when the matter is yet in dispute a court could hardly hold as valid and binding a contract of compromise settlement made by the infant plaintiff without the consent of the next friend having control of the litigation. Clearly such compromise settlement would not be binding after final judgment in favor of the infants, for them there is no disputed claim to settle. Even in the case of an adult the payment of a part only of an undisputed debt cannot be held to discharge the whole, though such was the agreement of the parties. The payment of a part only of what one is bound in law to pay does not discharge the residue though paid under such agreement. [Chamberlain v. Smith, 110 Mo. App. 657, 660, 85 S. W. 645; Willis v. Gammill, 57 Mo. 730; Price v. Cannon, 3 Mo. 453; Winter v. Railroad, 73 Mo. App. 173, 193; Moore v. Bank, 22 Mo. App. 684, 695; Swaggard v. Hancock, 25 Mo. App. 56, 606; Harrison v. Iron Works, 96 Mo. App. 348, 70 S. W. 261; Hawthorn Lumber Co. v. Jordan Lumber Co., 167 Mo. App. 201, 151 S. W. 199; Scott v. Parkview Realty Co., 241 Mo. 112, 145 S. W. 48.] In this case plaintiff claims that he made a settlement in full of the final judgment in favor of Louis Cobb for $9.50 by payment of $1.50; and a judgment in favor of Fred Alexander for $24 by payment of $5. The other judgments were settled in like proportions. Such payments did not satisfy the executions and the next friend of the minor plaintiff was right in directing the constable not to release the property levied on thereunder. The executions and judgments were not discharged and the defendant constable rightly refused to release the property.

Another barrier to plaintiff's recovery in replevin is that the property in question had been seized under

execution against the plaintiff. It is a valid defense in a replevin suit to show that the property in question has been seized under process, execution or attachment against plaintiff's property. [Knoche v. Perry, 90 Mo. App. 483; Moriund v. Johnson, 140 Mo. App. 345, 352, 124 S. W. 80; Bosse v. Thomas, 3 Mo. App. 472, 478.] Where the property is to be taken in advance of the judgment in replevin, as it was here, the plaintiff must allege under oath that such property "has not been seized under any process, execution or attachment against the property of the plaintiff." [Sections 7759 and 2637, R. S. 1909] . Plaintiff sought to evade this provision by alleging in his replevin affidavit that the property was not seized under any *valid* process or execution against the property. We need not decide whether a defendant in execution may maintain replevin where the judgment in which the execution is issued is void or the execution itself is void on its face, for which there is some authority, 34 Cyc. 1369, as that is not the case presented. The case of Railroad v. Lowder, 138 Mo. 533, 39 S. W. 799, goes no further than to hold that in case of a void judgment, the execution defendant has a remedy of replevin against the *purchaser* at the execution sale. [See, also, Ostmann v. Frey, 148 Mo. App. 284, 128 S. W. 257.] There is no pretense that these judgments in favor of the minor plaintiffs or the executions thereon were void. The most that plaintiff claims is that he made settlement with the minor plaintiffs and paid them what they agreed to accept in full settlement. This as we have seen was not binding on plaintiffs or on their next friend and the executions were not in fact satisfied. Under such facts replevin would not lie.

Whether or not an execution defendant, who has paid to the officer having such execution the full amount due thereon, can maintain replevin against such officer refusing to release the levy, might be a serious question. But where no payment is made to such officer and the claim is made but disputed that payment has been made to the execution plaintiff, then such officer ought not to

be held liable in replevin. [Mowrer v. Helferstine, 80 Mo. 23; Arnel v. Lendrum, 47 Iowa 535; Kelso v. Younggren, (Minn.), 90 N. W. 316.] The clause protecting property seized under *any* process from an action in replevin should not be weakened by inserting the word "valid" after the word any. [Karr v. Stahl, (Kan.), 89 Pac. 669.]

The judgment as rendered is favorable enough to the plaintiff and is affirmed. *Farrington* and *Bradley, JJ.,* concur.