EMMA C. PARKER, CURATRIX OF THE ESTATE OF WILLIAM F. WIEMKIN, RESPONDENT, v. CENTRAL TRUST COMPANY OF ST. CHARLES, APPELLANT.—71 S. W. (2d) 106.

St. Louis Court of Appeals. Opinion filed May 8, 1934.

Motion for rehearing overruled May 22, 1934.

*William Waye, Jr.* for appellant.

*Claude S. Tuttle* and *B. H. Dyer* for respondent.

1246

BECKER, J.—Emma C. Parker, guardian of the person and curatrix of the estate of William F. Wiemken, a person of unsound mind, had on deposit with the Central Trust Company of St. Charles, Missouri, certain moneys, as curatrix, on January 5, 1931, on which day the said bank closed its doors and was taken over by the Commissioner of Finance of the State of Missouri for liquidation. She had her claim in the sum of $734.34 allowed and classified as a preferred claim in the Circuit Court of St. Charles County, Missouri. The Commissioner of Finance in due course appeals.

It is apparent from the record before us that the learned trial judge below allowed the claim of the curatrix as a preferred claim in the belief and upon the theory that the claim was entitled to preference because the fund which went to make up the balance of the deposit on hand at the time the bank was taken over by the Com-

missioner of Finance was made up of moneys received as compensation for her ward as a disabled war veteran from the veteran's bureau, and that such moneys as the curatrix had received and placed on deposit remained the money of the United States until it actually reached her ward. Here on appeal, however, respondent completely abandons that theory of her case, as she must in fact, in light of the ruling of the Supreme Court of the United States in Spicer v. Smith, etc., 53 U. S. Sup. Ct. Rep. 415, wherein it is specifically held that payments under the World War Veteran's Act to a guardian, vests title in the ward and operates to discharge the obligation of the United States in respect to such installments, and that when such payments are deposited by a guardian or curatrix the deposit does not belong to the United States, and, therefore, as indebtedness to it is essential to priority in a claim against an insolvent bank, the guardian's claim for a deposit in an insolvent bank cannot be held to be entitled to priority or be allowed as a preferred claim. See also Duzan v. Cantley, etc. (Mo. App.), 55 S. W. (2d) 711, in which case a certificate of time deposit issued to a beneficiary of a war risk policy for funds derived therefrom are held not entitled to preferred standing upon the insolvency of the bank.

The respondent here on appeal seeks to support the allowance of her claim as a preferred one upon the theory that since Section 507, Revised Statutes of Missouri, 1929, Mo. Stat. Ann., sec. 507, p. 304, provides that guardians and curators of insane persons shall be authorized and required to loan money belonging to the estate of such insane person in the manner and under like circumstances as other guardians and curators are now required by law who loan money of their wards, therefore, since Section 418, Revised Statutes of Missouri, 1929, Mo. Stat. Ann., sec. 418, p. 264, provides that "curators shall . . . loan the money of their wards at the highest legal rate of interest that can be obtained, on prime real estate security, or invest it in bonds of the United States, or of the State of Missouri, or of the Federal Farm Loan Bank, excepting where the estate is less than three hundred dollars, in which case good personal security may be taken, and shall account for all such interest received which shall be charged in their annual settlement; . . . and if it appear that such money is loaned out, then he shall state the name of the person to whom loaned . . . and if such money had not been loaned out the guardian or curator shall state such fact and the reasons, which report shall be sworn to, and shall . . . state that such guardian or curator has been unable to make loan after diligent effort to do so, . . ." prohibited the curatrix, as trustee of the money of her ward, from depositing said money with the bank so as to create the relation of debtor and creditor with the trust company, and that the trust company, having knowledge of all

of the facts, took the money on deposit from the curatrix only as a trustee *ex maleficio* or a constructive trustee, and, therefore, became accountable for the moneys on deposit as a trustee and not as a mere debtor, and, therefore, the claim of the curatrix was properly allowed as a preferred claim. To this we cannot accede.

It is true Section 418 of our statutes provides that the curatrix shall invest the property of the ward in certain specified securities, yet said section does not mandatorily direct what the curatrix shall do with the funds of the ward during such period of time as the curatrix may be endeavoring to secure an investment therefor of the kind and character designated by said statute; nor does it mandatorily prohibit the curatrix, during such period of time or until statutory investment shall have been found, from depositing the funds of the ward in a bank or trust company. This is the more apparent in that the section specifically provides what shall be the duty of the curatrix "if such money has not been loaned out," by requiring the curatrix to state such fact and "give his reasons therefor in his annual report, and shall state that such guardian or curator has been unable to make loan after diligent effort to do so."

Nor are the cases cited by respondent in support of her position, such as In re Cameron Trust Co. (Mo.), 51 S. W. (2d) 1025, in point, for they deal with school district funds which had been placed on deposit in a bank which had not been selected as a depository of school funds as required by Section 9362, Revised Statutes of Missouri, 1929, Mo. Stat. Ann., sec. 9362, p. 7211, for said section is mandatory, and, absent a compliance by the school board with such statute, the bank receiving funds is properly held to be a trustee *ex maleficio* entitling the school district to preference on the bank's insolvency.

In the case of Paul v. Draper, 158 Mo. 197, 59 S. W. 77, our Supreme Court had before it the question whether plaintiff, as guardian and curator, as against other creditors of an insolvent bank, was entitled to have his claim, as such trustee, for the balance of his deposit preferred over the claims of other creditors of the bank in the distribution of its assets by the assignee. It was held therein that "the fact that the deposit was of a trust fund, and known to the bank to be such, would not of itself make the bank a trustee of the funds for the benefit of the *cestui que trust*. In order to have that effect there must have been something in the circumstance of the deposit to constitute it a special, as contradistinguished from a general deposit, into which two classes all deposits of commercial banks may be divided. If the deposit belonged to the former class the fiduciary relation might well arise; if to the latter, in the absence of *mala fides*, it could not do so, for by a general deposit in good faith the title to the fund deposited passed. The bank became the owner

thereof; the relation of debtor and creditor, and not that of trustee and *cestui que trust* was created.'' The Supreme Court ruled that there was nothing in the evidence in that case tending to prove that the deposit was a special deposit in any sense and held the deposit to have been a general deposit, ''whereby no misappropriation was intended or accomplished, the owner of this fund became a creditor of the bank and stands upon precisely the same footing as the other general depositors in the bank, who are creditors thereof, and is entitled to no preference over them. . . . The mingling of that fund by the bank with its other assets after it had been deposited as stated, was no wrongful conversion thereof, but simply a mingling of its own funds, and there is no ground upon which to impress a trust in favor of the plaintiff's claim upon the assets assigned in order to give him a preference over the claims of other creditors. In other words, there is no equity founded on agreement, no wrongful conversion, and no relation of the debt to the assigned property to entitle the plaintiff to preferential payment.'' The case of Paul v. Draper, supra, has been cited repeatedly, the more recent cases being Duzan v. Cantley, etc., supra; Boswell Post of Amer. Legion v. Farmers' State Bank (Mo. App.), 61 S. W. (2d) 761.

It follows that the circuit court erred in entering a judgment granting the curatrix a preferred claim. Accordingly the judgment is reversed and the cause remanded with directions to deny plaintiff's claim a preference and allow the claim as a general claim only. It is so ordered. *McCullen, J.,* concurs; *Hostetter, P. J.,* not sitting.