# MARCH, 1937.

In the Matter of West of St. Louis Trust Company of St. Louis, Missouri, In Liquidation, Respondent; v. Frank Brokaw, Trustee for Scott Brokaw, a Minor, Appellant.—102 S. W. (2d) 793.

St. Louis Court of Appeals. Opinion filed March 2, 1937.

Appellant motion for rehearing overruled. March 26, 1937.

*Robert J. Keefe* and *Paul G. Ochterbeck* for respondent.

*Igoe, Carroll, Higgs & Keefe* of counsel.

*Henry J. Mueller* and *Edward Hupert* for appellant.

BENNICK, C.—This appeal, which comes to the writer on reassignment, is from the judgment of the Circuit Court of the City of St. Louis denying a preferred status to a claim filed by Frank

Brokaw as trustee for Scott Brokaw, a minor, in connection with the liquidation of the West St. Louis Trust Company.

The facts of the case are simple and undisputed.

On April 22, 1924, Scott Brokaw, a minor, by Frank Brokaw, his next friend, recovered a judgment in the Circuit Court of the City of St. Louis against the National Bottling Company for the sum of $2,000. As a part of its judgment the court included a specific order and direction regarding the disposition to be made of the proceeds of the judgment, which order and direction was as follows:

"It is further ordered by the court that the sheriff pay said amount to next friend without bond, and that said next friend deposit said amount in the West St. Louis Trust Company in the name of plaintiff, to draw at least three per cent interest, and that said amount be held in said bank until the minor plaintiff reaches his majority or until the further order of the court.

"It is further ordered by the court that on receipt of letter from trust company showing the deposit of said sum, this judgment to be satisfied."

On June 18, 1924, acting in accordance with the order of the court, the next friend deposited said sum of $2,000 in the West St. Louis Trust Company in the name of "Frank Brokaw Tr. for Scott Brokaw," and the bank for its part accepted the deposit in accordance with the court's order, reciting upon the face of its records that "Mr. Brokaw must have an order from the court before any withdrawals will be allowed."

Thereafter certain withdrawals were made from time to time, and semi-annual interest payments were regularly credited to it, until at the time of the closing of the bank in January, 1933, there was on deposit to the credit of the account the sum of $2,060.90, for which timely claim was made.

The claim was of course allowed by the commissioner of finance as a common claim, and then, in accordance with statutory requirements, certified by him to the circuit court for determination of the question of its priority. The judgment of the court was adverse to the claimant as we have already pointed out, and his appeal to this court has followed in the usual course.

The claimant's position is, in short, that in view of section 375, Revised Statutes of Missouri, 1929 [Mo. St. Ann., sec. 375, p. 241], which gives the probate court jurisdiction over the matter of the management, control, and security of an estate derived by a minor child otherwise than from its parents acting as guardian and curator, the circuit court was wholly without jurisdiction to undertake to control the disposition to be made of the proceeds of the judgment rendered by it in favor of the minor plaintiff; that the deposit of the fund in the bank, though concededly made in strict accordance with the order of the circuit court, was nevertheless wrongful and

unlawful in that the deposit or investment of the fund was not made in compliance with the requirements of section 418, Revised Statutes of Missouri, 1929 [Mo. St. Ann., sec. 418, p. 264], which specifically provides how the money of a minor may be loaned out by the minor's guardian or curator, subject to the supervision of the probate court; and that the act of the bank in accepting the deposit in question, knowing that the provisions of section 418 were not being complied with, constituted it a trustee *ex maleficio* so as to require that the claim made for the amount of the deposit be accorded a preferred status upon the liquidation of the bank.

This, incidentally, is the identical theory upon which the parties joined issue in the lower court, and it is to such theory that we shall limit our consideration of the case in this court, disregarding all further suggestions which come for the first time on the appeal, regardless of how meritorious they might perhaps have been if appropriately raised and presented in the course of the proceedings short of the appeal.

So we are faced at the outset of the case with the question of whether the circuit court had the jurisdiction it assumed to exercise of directing and controlling the disposition to be made of the proceeds of the judgment in the hands of the next friend until such time as the minor attained his majority. If it had such jurisdiction, then the claim would unquestionably not be entitled to priority of payment, the mere fact that the deposit was that of a trust fund not sufficing to make it special in character, or to confer any greater right upon either the trustee or the beneficiary in connection with the liquidation of the bank than would be enjoyed by any other general creditor. [Landwehr v. Moberly (Mo.), 93 S. W. (2d) 935.] But even though it be found that the court did act without or beyond its jurisdiction, it will still not follow that the claim should be accorded a preferential status unless it appears that the bank's acceptance and retention of the deposit under the circumstances of the case was a wrongful act on its part amounting in law to a misappropriation of the funds belonging to the minor, and this regardless of the conceded honest intention of all parties concerned. [Round Prairie Bank of Fillmore v. Downey (Mo. App.), 64 S. W. (2d) 701.]

Now out of the extreme solicitude which the law has for the rights of minors, it regards a minor, because of his immaturity and inexperience, as being incapable of prosecuting a suit in his own behalf, and to the end that he may have the benefit of adult agency and judgment in the control of his litigation, it is provided that he shall sue either by his guardian or curator, or by a next friend appointed for him in his suit. [Section 708, R. S. Mo. 1929 (Mo. St. Ann., sec. 708, p. 922).]

By section 395, Revised Statutes of Missouri, 1929 (Mo. St. Ann.,

sec. 395, p. 252), it is made the duty of a guardian and curator to represent his ward in all legal proceedings, and where the minor has no legal guardian or curator, he may sue by his parent who is his natural guardian. [State ex rel. v. Cox, 306 Mo. 27, 267 S. W. 382; Brandon v. Carter, 119 Mo. 572, 583, 24 S. W. 1035.]

But even though he appears in court without a guardian either legal or natural, the court will nevertheless not close its doors against him, but instead, looking upon the minor as its ward, will appoint a representative to act for him in conducting the particular litigation, which representative is called a "next friend," and becomes an officer of the court, with the duty imposed upon him of safeguarding and protecting the rights and interests of the minor plaintiff so long as he is before the court. [Crawford v. Amusement Syndicate Co. (Mo. Sup.), 37 S. W. (2d) 581; 31 C. J. 1118, 1140.] This means, in other words, that the function and authority of the next friend continues to, but only to, the final termination of the cause for which he was appointed, unless perchance he is meanwhile removed by the court, or is rendered *functus officio* by virtue of the arrival of the infant at the age of majority short of the conclusion of the case. [Staggenborg v. Bailey, 118 Ky. 301, 80 S. W. 1109; Luck v. Schabell, 186 Ky. 335, 216 S. W. 1066; Parks v. Barnes, 173 Ky. 589, 191 S. W. 447; Covell v. Porter, 81 Minn. 302, 84 N. W. 107; Fisher v. Bell, 65 W. Va. 10, 63 S. E. 620; Paskewie v. East St. L. & S. Ry. Co., 281 Ill. 385, 117 N. E. 1035; 31 C. J. 1147.]

In this case the function and authority or the next friend as such was terminated at the moment the proceeds of the judgment were paid over into his hands, save as to his duty to enter satisfaction of the judgment. We say this for the reason that at that moment the defendant was discharged from any and all further liability in the case, which was then at an end so far as concerned the right and power of the court to grant the relief to which the plaintiff was entitled under his cause of action. The only function of the court upon the institution of plaintiff's action was to bring the defendant into court, determine the merits of plaintiff's cause of action as against whatever defenses might be interposed to it, and then, upon the rendition of a final judgment in plaintiff's favor, grant him the aid of its processes and remedies to the end that the judgment might be paid and satisfied. With all this accomplished, there was nothing more to be done in the case; the minor plaintiff was no longer before the court; and being no longer before the court, there was no further basis for the continuance of claimant's status as next friend.

Nor is there any question but that the next friend had the right to receive the proceeds of the judgment. That this is so is evidenced by the language of section 712, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 712, p. 924), which provides that before any person

shall be appointed next friend for an infant in any suit to recover any personal property, debt, or damages, he shall, if required by the court or officer to whom application for such appointment. is made, execute a bond to such infant in double the amount claimed in such suit, with such securities as shall be approved by the court or officer, conditioned that such next friend shall account to such infant for all money or property which may be recovered in such suit. However contrary the rule may be in other jurisdictions respecting the right of a next friend to receive the money recovered in a minor's action (Aley v. Missouri Pac. R. Co., 211 Mo. 460, 111 S. W. 102; 31 C. J. 1174), it suffices to say, so far as our own jurisdiction is concerned, that section 712 has been definitely construed as clearly contemplating that payment of the judgment rendered in the minor's favor may be made to the next friend. [Stephens v. Curtner, 205 Mo. App. 255, 222 S. W. 497.]

This brings us then to the ultimate question of whether the circuit court had the authority, when the judgment was satisfied and the case brought to a final termination, to undertake thereafter to control and supervise the disposition of the proceeds of the judgment until such time as the minor attained his majority. Though the court was undoubtedly acting from the best of motives and in what it felt to be for the best interests of the minor, we nevertheless cannot escape the conclusion that the power it assumed for itself was clearly beyond and outside the scope of its lawful jurisdiction.

It is of course true that the court was properly concerned, prior to the termination of the case, with securing to the minor the right to have an accounting from the next friend for the money recovered in the action, but the law has pointed out the one and only way in which the court was authorized to afford the minor such security. This was either to require a bond from the next friend under the provisions of section 712, or else, when it had not seen fit to require a bond at the time the application was made for the appointment of the next friend, to exercise its inherent power to require a sufficient bond before the money was paid over to the next friend. [Aley v. Missouri Pac. R. Co., supra; Jones v. Steele, 36 Mo. 324.]

The matter of controlling and supervising the management of and accounting for the estate of a minor when the same is not derived from the parent acting as natural guardian is one falling peculiarly within the scope of probate jurisdiction. We appreciate that the circuit court is not without the right to exercise such concurrent jurisdiction with the probate court as is or may be provided by law (Article 6, section 22, Constitution of Missouri), but the trouble is that the law as it now stands does not authorize the circuit court to exercise the power it assumed for itself in this case. In the light of the holding of our Supreme Court, the circuit court proceeded erroneously in not requiring a bond from the next friend

before he was permitted to receive the proceeds of the judgment (Aley v. Missouri Pac. R. Co., supra), but all opportunity to correct that error has long since passed. The failure to have required a bond did not invalidate the appointment of the next friend, nor did it affect his right to receive payment of the judgment debt. [Henderson v. Kansas City, 177 Mo. 477, 76 S. W. 1045; Stephens v. Curtner, supra.] When the next friend did receive the proceeds of the judgment, the circuit court's authority over the particular case came to an end except for seeing that the judgment was satisfied of record; legal title to the money vested at once in the minor; and in purporting to retain for the court the right to control and supervise the manner in which an accounting should be made to the minor, the order entered was void and ineffective as one beyond the jurisdiction of the court to make.

But even though the court did go outside its jurisdiction in directing the next friend to deposit the money in the bank to be held by the bank upon the terms and conditions specified in the court's judgment, we do not think that the bank's acceptance and retention of the deposit constituted it a trustee *ex maleficio* so as to entitle the present claim to be accorded priority of payment.

The order of the court having been void, the actual situation was the same as though no such order had ever been made. It constituted no authority for the making of the deposit, but the fact that the order was void could not of itself have rendered the transaction with the bank unlawful. If the same was wrongful and unlawful, it was only so because, the status and character of the parties considered, no such deposit could lawfully have been made.

Now it is not at all unlawful, with nothing more appearing, for a bank to accept a general deposit of funds belonging to a minor and being held for the minor's benefit by one who designates himself as trustee. [Sections 5400, 5465, R. S. Mo. 1929 (Mo. St. Ann., secs. 5400, 5465, pp. 7611, 7660).] Even though the bank knows, as it necessarily must where the depositor styles himself a trustee, that he owes some fiduciary relation to the fund being placed by him on deposit with the bank, it is still no part of the bank's duty to question his right to administer the trust, and it only becomes liable as a wrongdoer if the circumstances connected with the transaction are such as to charge it with knowledge that a breach of trust is being committed. Even in the case of a duly appointed curator who is amenable to the provisions of section 418 with respect to the investment of the money of his ward, a bank may still lawfully accept a general deposit of the funds of the ward, unless the deposit is made under such circumstances as to amount to a misappropriation of the same. [Parker v. Central Trust Company of St. Charles, 229 Mo. App. 1244, 71 S. W. (2d) 106.] In other words, to give rise to a trusteeship *ex maleficio* on the part of a bank in accepting

and retaining such a deposit, the transaction must be of such a character as to constitute an unlawful investment of the ward's money, in which transaction the bank participates with full knowledge of all the material facts and circumstances, including the limitation fixed by statute with respect to the power and duty of the guardian or curator. [Round Prairie Bank of Fillmore v. Downey, supra.]

In this case the claimant's only status was that of trustee, which status followed and resulted from the fact that he had the minor's funds in his care and keeping. Prior to the termination of the action in the circuit court he had been an officer of that court, but he was never an officer of the probate court, which, while it might very properly have acquired jurisdiction over both him and the minor's estate, had never had its jurisdiction invoked. So far as the record discloses, the bank knew nothing of the claimant's relationship to the minor other than that he had been the minor's next friend for the prosecution of his action in the circuit court, and it was no part of its duty to require him to submit himself to the jurisdiction of the probate court for whatever purposes might have been served thereby. The bank's only duty, once it accepted the deposit, was thereafter to account for the same in accordance with its contract with the depositor, and this it has at all times done. Title to the money deposited passed to the bank regardless of the character of the same as a trust fund, and now that the bank is in process of liquidation, the claim for the amount on deposit at the time of the closing of the bank is only to be satisfied ratably with the claims of other general creditors. [Paul v. Draper, 158 Mo. 197, 59 S. W. 77.]

The judgment rendered by the circuit court should be affirmed, and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Hostetter, P. J.*, and *Becker* and *McCullen, JJ.*, concur.