IN THE MATTER OF THE LIQUIDATION OF THE PEOPLES BANK OF BUTLER, WESLEY DENTON, TRUSTEE FOR ADDIE KEIRSEY, CLAIMANT, APPELLANT, v. O. H. MOBERLY, COMMISSIONER OF FINANCE IN CHARGE OF THE PEOPLES BANK OF BUTLER, H. A. BUSCHMANN, SPECIAL DEPUTY COMMISSIONER, RESPONDENT.—115 S. W. (2d) 91.

Kansas City Court of Appeals.    April 4, 1938.

*J. A. Silvers* for appellant.

*H. E. Sheppard* for respondent.

CAMPBELL, C.—Wesley Denton as trustee for the bodily heirs of Addie B. Keirsey, brought this proceeding to establish his claim as a preferred one against the assets of the Peoples Bank of Butler, Missouri, then in the hands of the commissioner of finance, for the purpose of liquidation. The claim was heard, preference denied, and the trustee appealed.

The undisputed evidence shows that the bank failed to open after December 17, 1932, "by virtue of mayor's moratorium;" that it remained closed until about April 1, 1933, when it reopened under restrictions prescribed by the finance commissioner.

The bank remained open until April 30, 1934, when the finance commissioner took possession of its property and proceeded in liquidation. The assets of the bank received by the commissioner totalled more than $200,000.

The evidence further shows that by the order and judgment of the circuit court of Gentry County, Missouri, entered in September, 1916, Wesley Denton was constituted trustee for the bodily heirs of Addie B. Keirsey and directed to take charge of a fund belonging to said heirs in the amount of $621.78; and to loan the fund on real estate security or invest same in land.

The exact time when Denton received the fund was not shown, but it may be inferred he received it not later than October, 1916. Soon after he received the fund he placed it in the Peoples Bank on time deposit. The deposit was renewed every six months; the last renewal certificate was in the sum of $1,041.58, dated October 1, 1932.

Denton testified he knew where the fund "came from and what it was for;" that he did not have a copy of the order appointing him trustee at the time he was appointed; that he had read that order "some time ago."

"Q. You, of course, knew how the court ordered it was to be loaned? A. I will have to admit I didn't. It was brought in to me. They said I was appointed trustee by John Cunningham, the trustee for some time for Mrs. Cunningham; and I never investigated any at that time. I recall I put this out on real estate, and I looked around and couldn't get it out, and so I just kept it going and overlooked it."

Denton was president and in active charge of the bank from October 30, 1916, until it closed.

When Denton loaned the trust fund to his bank he violated his trust and if the bank knew of the wrong it became and remained a trustee *ex maleficio* with respect to the fund. [Hart v. Kirksville Savings Bank, 82 S. W. (2d) 612; Round Prairie Bank v. Downey, 64 S. W. (2d) 701.]

Denton was one of the chief officers and in active charge of the

bank and his acts were the acts of the bank. [Mann v. Bank of Greenfield, 20 S. W. (2d) 502, 506.]

Counsel for the commissioner concedes the knowledge of Denton "would constitute notice to the bank," but claims Denton testified "he did not know how the court had ordered the money to be loaned."

For Denton to loan the trust fund to the bank prior to knowing the provisions of the trust was for him and the bank to take chances on whether or not the loan was a lawful one. It must be remembered that, under the ruling in the Mann case, *supra*, Denton trustee and Denton president was in law one person; that the bank received the money from the hand of the individual in charge of its affairs; and the bank may not receive and hold the trust property and thus escape the consequences of the wrong of Denton because he chose not to know his duties as a trustee. We are not considering the personal right of Denton; it is the right of the beneficiaries in the trust which is here involved. The bank did not obtain title to the fund because Denton lacked authority to pass title to it, and as Denton for the purposes of this case was the bank, his wrong was the wrong of the bank. Whether Denton knew or did not know the limitations imposed on him by the provisions of the trust is immaterial for the reason that in either event he and the bank were wrongdoers.

The commissioner relies on the case of West St. Louis Trust Co. of St. Louis v. Brokaw, 102 S. W. (2d) 792. In that case the next friend of a minor plaintiff received the proceeds of a judgment in favor of the minor and, under direction of the court in which the judgment was rendered, deposited the money in the trust company and received a time certificate of deposit payable to him as trustee for the minor. Thereafter the trust company failed. Claim based on the certificate was denied preference. The court in holding the claim was not a preferred one said that "the bank knew nothing of the claimant's relationship to the minor other than that he had been the minor's next friend for the prosecution of his action in the circuit court, and it was not part of its duty to require him to submit himself to the jurisdiction of the probate court for whatever purpose might have been served thereby."

In the instant case the trustee *knew or should have known* the extent and nature of his authority.

In borrowing the money the bank adopted the wrongful act of its president, and may not now through the commissioner say it was not a party to the wrong.

It is suggested that the circuit court of Gentry County was without jurisdiction to make the order in virtue of which the trustee received the trust fund. The commissioner cannot assert a right which the bank could not have asserted while it was carrying on its busi-

ness. Hence, the commissioner cannot question the title of the trustee of the fund which the bank borrowed.

The amount of the fund loaned to the bank was $621.78. The amount of the certificate was increased from time to time by adding thereto sums called interest until on October 1, 1932, the amount of the certificate was $1,041.58. The additions were no part of the trust fund. [Polk Township v. Harrison, 64 S. W. 738.]

For the reasons stated, the judgment is reversed and the cause remanded with direction to allow the claim as a preferred claim in the amount of $621.78.

*Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with direction to allow the claim as a preferred claim in the amount of $621.78. All concur.